**Exhibit 13**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COMMUNITIES ACTIVELY LIVING INDEPENDENT AND FREE, a nonprofit corporation, and AUDREY HARTHORN, an individual, on behalf of themselves and ALL OTHERS SIMILARLY SITUATED<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF LOS ANGELES, a public entity, and COUNTY OF LOS ANGELES, a public entity,<br><br>Defendants. | CASE NO. CV 09-0287 CBM (RZx)<br><br>CLASS ACTION<br><br>ORDER GRANTING PLAINTIFFS' APPLICATION FOR REASONABLE ATTORNEYS' FEES AND COSTS |

Before the court is Plaintiffs' Application for Reasonable Attorneys' Fees and Costs. [Docket No. 234.] Plaintiffs have applied to the Court for an order approving attorneys' fees and reimbursement of litigation costs to Class Counsel in the amount of $1,225,000, and up to $75,000 in attorneys' fees and costs for

1

monitoring the Settlement Agreement ("Agreement"). Defendant County of Los Angeles does not oppose the motion, and these are the amounts contained in the proposed class settlement agreement between the Plaintiffs and the County. Having read the papers submitted and carefully considered the arguments and relevant legal authority, and good cause appearing, the Court GRANTS Plaintiffs' Motion for Reasonable Attorneys' Fees and Costs and finds and rules as follows:

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. The Court finds that Plaintiffs have submitted sufficient evidence supporting their claim for reasonable attorneys' fees and costs, and hereby approves the settlement of attorneys' fees and costs in the amount of $1,225,000 for work performed on this matter, as stated in Section VII of the Agreement. The Court also approves the availability of fees and costs for monitoring the Agreement after Final Approval, in an amount up to $75,000, as stated in Section VI.G of the Agreement.

2. The Court finds that Plaintiffs have provided sufficient evidence, including time records detailing the tasks performed on this matter and declarations from practitioners in the field, supporting the reasonableness of their 2012 requested hourly rates. The Court finds that the requested hourly rates correspond to the prevailing market rate in the relevant community, considering the experience, skill, and reputation of the attorneys in question.

3. Class counsel stated that no other litigation in the country has sought to determine the nature and extent of a municipality's obligation to include persons with disabilities in its emergency preparedness and planning efforts. Therefore, counsel had to conduct considerable research, familiarize themselves with the fact intensive literature on the subject of emergency planning, and explore untested legal theories. The active litigation included extensive, voluminous discovery, numerous depositions, and thousands of pages of

documents. The negotiations were thorough, involving many teleconferences, in-person meetings, and conferences and mediation sessions before two judges. Additionally, after a joint request to stay the litigation, the Court approved a process where Plaintiffs and the Defendant County would coordinate to draft a "Persons with Disabilities and Access and Functional Needs Annex," ("Annex") for which the experts conferred and resolved many issues, and any disputes were referred to counsel. Resolving the issues involved many settlement conferences on the phone and in person, and multiple proposals and drafts by both parties. After the Annex was sent out for public comment in late 2011, the U.S. Department of Justice detailed its concerns, after which a second draft was developed and Defendant County of Los Angeles developed a work plan. Negotiations continued for five months regarding the scope of the Annex and workplan. Parties then attended two mediation sessions in February and July 2012 and were able to resolve all outstanding substantive issues. After the July mediation session, parties continued to work together to finalize the Agreement and other matters, including attorneys' fees and costs. The proposed settlement was approved by the Los Angeles County Board of Supervisors on October 15, 2012.

4. The Court finds that Class Counsel was efficient in allocating work. Counsel states that only four attorneys performed the majority of the work required, that discrete tasks were given to other attorneys as needed, and that a small group of attorneys litigated the entire case. Counsel also states that Attorneys Wolinsky, Smith, and Gilbride from Disability Rights Advocates ("DRA"), and Attorney Parks from Disability Rights Legal Center ("DRLC"), did a majority of the work.

5. In support of the hourly rates quoted by lead attorneys in this case, Attorney Wolinsky is a graduate of Yale Law School in 1961 and has been

3

practicing law and trying cases for over 50 years. He has been the lead and trial attorney in well over 150 class action and high-impact cases, and has tried and argued cases before the California and New York Federal Courts, the California and Hawaii Supreme Courts, and many other appellate courts. He is the Director of Litigation at DRA and is considered one of the foremost experts nationally on civil rights and disability law, and is requesting an hourly rate of $860. Attorney Parks is a 1999 graduate of University of California at Berkeley, Boalt Hall, and is nationally recognized as a leading disability rights attorney and has been co-director of litigation at DRA since April 2012. From 2005 to March 2012, she was at the DRLC, where she was a litigation attorney, and later the legal director from 2009 to 2012, and is requesting an hourly rate of $665. Attorney Smith is managing attorney at DRA, and graduated from U.C. Berkeley, Boalt Hall Law School in 2005. She received the 2013 California Lawyer Magazine Attorney of the Year Award in the area of Disability Law for her work on this litigation and the 2010 California Lawyer Attorney of the Year Award in the area of Disability Law for her work on the above referenced Caltrans case, and is requesting an hourly rate of $555. Attorney Gilbride is a 2007 graduate of Georgetown Law School and worked on this case as part of DRA. Attorney Gilbride served as a law clerk to Judge Ronald Gould on the U.S. Court of Appeals for the Ninth Circuit in Seattle. She conducted much of the written discovery and took and defended several depositions. She was also responsible for all expert discovery, and is knowledgeable in the requirements for emergency preparedness under the law, and is requesting an hourly rate of $430.

6. In support of the hourly rates quoted by other attorneys in this case, Attorney Uzeta is a 1992 graduate of University of California at Davis, King Hall School of Law, with a Certification in Public Interest Law. She has practiced exclusively in the area of civil rights law, in particular disability rights, since

4

1993. From February 1995 to August 2008, she worked as an attorney at Disability Rights California ("DRC"), the largest disability rights organization in the nation, where she represented individuals and classes with disabilities in federal and state litigation. From August 2008 to December 2010, she was employed as the Litigation Director of the Southern California Housing Rights Center, a Los Angeles based nonprofit whose mission is to combat housing discrimination, where she engaged mostly in disability discrimination cases, and is requesting an hourly rate of $700. Attorney Paradis is the Executive Director and Co-Director of Litigation at DRA. He graduated from Harvard Law School in 1985 and has extensive experience with disability rights litigation, and has received several awards for his work on precedent setting disability rights cases, including the California Lawyer Magazine Attorney of the Year Award in 2003 and 2011 and the Trial Lawyer of the Year Award from the San Francisco Trial Lawyers Association. Mr. Paradis assisted with advising the litigation team on settlement strategy and potential experts, and is requesting an hourly rate of $800. Attorney Elsberry is a 1987 graduate of University of California, Hastings College of Law. He was a Managing Attorney at DRA from 2009 to 2012, and is currently a Senior Staff Attorney at DRLC. He assisted with certain tasks relating to class certification, and is requesting an hourly rate of $725. Attorney Weed is a 2002 graduate of the University of Michigan Law School. She was involved in the preliminary investigation and review of the voluminous public records, and is requesting an hourly rate of $600. Attorney Biedermann is a 2007 graduate of Yale Law School and was an Arthur Liman Fellow at DRA from 2007 to 2009. She assisted with the review of many public records and drafting the complaint, and is requesting an hourly rate of $430. Attorney Chuang is a 2007 graduate of University of Pennsylvania Law School and has been a Staff Attorney at DRA since 2011. Previously, she was a Litigation Associate at Latham & Watkins LLP.

5

She primarily worked on finalizing the settlement agreement, providing notice to the class, and drafting the motions for preliminary and final approval, as well as the motion for reasonable attorneys' fees and costs, and is requesting an hourly rate of $430. Attorney Janssen is currently a Staff Attorney at DRA and graduated from New York University School of Law in 2010. She assisted with discrete tasks relating to the negotiation of the County's Work Plan and draft Annex, and is requesting an hourly rate of $330. Attorneys Patkin, Lee, and Strugar worked on the case in their capacity as attorneys at DRLC. Former DRLC staff attorney Patkin is a 2007 graduate of UCLA School of Law, and is requesting an hourly rate of $450. Former DRLC staff attorney Strugar is a 2004 graduate of USC Gould School of Law, and is requesting an hourly rate of $525. Former DRLC staff attorney Lee is a 2003 graduate of Loyola Law School, and is requesting an hourly rate of $550. The Fee Experts cited by Attorneys indicate that the hourly rates requested by all of these attorneys is reasonable.

7. The Court finds that the rate of $240 for DRA's paralegals and $250 for its summer associates is reasonable. DRA's paralegals are college graduates that have worked under attorney supervision for over a year. DRA's summer associates generally have two full years of law school experience before working at DRA for their second-year summer. The Court further finds that the hourly rate of $230 for DRLC's law clerks and litigation assistants is reasonable.

8. The Court hereby approves the following 2012 hourly rates and hours expended:

| DRA | Rate | Hours | Fees |
| --- | --- | --- | --- |
| Sid Wolinsky | $860.00 | 700.00 | $602,000.00 |
| Shawna Parks | $665.00 | 81.40 | $54,131.00 |
| Mary-Lee Smith | $555.00 | 139.50 | $77,422.50 |
| Karla Gilbride | $430.00 | 494.40 | $212,592.00 |

6

| DRA | Rate | Hours | Fees |
|---|---|---|---|
| Larry Paradis | $800.00 | 15.80 | $12,640.00 |
| Ron Elsberry | $725.00 | 18.30 | $13,267.50 |
| Katherine Weed | $600.00 | 20.50 | $12,300.00 |
| Stephanie Biedermann | $430.00 | 184.00 | $79,120.00 |
| Christine Chuang | $430.00 | 125.00 | $53,750.00 |
| Kara Janssen | $330.00 | 36.40 | $12,012.00 |
| Summer Associates | $250.00 | 26.70 | $6,675.00 |
| Paralegals | $240.00 | 260.90 | $62,616.00 |

| DRLC | Rate | Hours | Fees |
|---|---|---|---|
| Michelle Uzeta | $700.00 | 35.50 | $24,850.00 |
| Shawna Parks | $665.00 | 285.60 | $189,924.00 |
| Debra Patkin | $450.00 | 143.50 | $64,575.00 |
| Jennifer Lee | $550.00 | 16.00 | $8,800.00 |
| Matthew Strugar | $525.00 | 20.20 | $10,605.00 |
| Law Clerk | $230.00 | 122.90 | $28,267.00 |
| Steve Cueller (Litigation Assist.) | $230.00 | 4.70 | $1,081.00 |

9. The Court finds that the hourly rates and hours expended are reasonable under established Ninth Circuit law. *See Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000) (citing the lodestar figure and the requirement to consider factors outlined in *Kerr v. Screen Extras Guild, Inc.,* 526 F.2d 67, 70 (9th Cir. 1975)).[1]

---

[1] The requested Attorneys' Fees and Costs stem from negotiations between Class Counsel and the County of Los Angeles, and are much lower than the fees calculated under the lodestar method. The calculated fees, without any multiplier, are $1,526,628.00 and the costs expended are $47,903.05, for a total of $1,574,531.05, which is $349,531.05 greater than the amount negotiated by the Settlement. Since this case involved injunctive and declaratory relief, the Fee award will not result in an "inequity" between Counsel and Class Members. *See In re HP Inkjet Printer Litig.*, 11-16097, --- F.3d ----, 2013 WL 1986396, *1, *5 (9th Cir. May 15, 2013) (reasoning that "coupon" settlements may create inequity where Class Counsel request fees and

7

10. The Court further finds that Counsel has submitted sufficient evidence of the time and effort undertaken by Class Counsel in prosecuting and settling the claims, and that this time and effort was reasonable and necessary in light of the needs of the litigation.

In accordance with the terms of the Agreement, the County of Los Angeles shall pay attorneys' fees and reimbursement of litigation costs to Class Counsel in the amount of $1,225,000 within ninety (90) days of this Order (September 9, 2013) and up to $75,000 for monitoring the Agreement within six (6) years of this Order.

**IT IS SO ORDERED.**

DATED: June 10, 2013

CONSUELO B. MARSHALL
UNITED STATES DISTRICT JUDGE

---

costs).

8