**Exhibit 22**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | ED CV 08-00503 ABC (RCx) ED CV 08-00511 ABC (RCx) ED CV 08-00512 ABC (RCx) | Date | February 22, 2010 |
|---|---|---|---|

| Title | Riverside County Department of Mental Health v. A.S., et al. |
|---|---|

| Present: The Honorable | Audrey B. Collins, Chief Judge | | |
|---|---|---|---|
| Angela Bridges | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**     ORDER GRANTING MOTION FOR ATTORNEYS' FEES AND DENYING WITHOUT PREJUDICE MOTION FOR COSTS (In Chambers)

Pending before the Court is the motion for attorneys' fees and costs filed by Defendants and Consolidated Plaintiffs A.S. and Monica Valentine ("Defendants"). Mot. (Docket # 103).[1] Plaintiff Riverside County Department of Mental Health ("RCDMH") filed an opposition and Defendants filed a reply. Opp'n (Docket # 113); Reply (Docket # 116). The Court finds the matter appropriate for resolution without oral argument. Local Rule 7-15.[2] Having considered the materials submitted by the parties and the case file, and for the reasons indicated below, the Court **GRANTS** in part and **DENIES** in part the Motion.

## I.     BACKGROUND

This is a case brought under the federal Individuals with Disabilities Education Act ("IDEA"), in which the Court affirmed the ALJ ruling that Plaintiff and Riverside Unified School District (the "District") were required to place A.S. at the National Deaf Academy. See Order Affirming Administrative Law Judge's Decision (Docket # 109).[3] Defendants filed a motion to recover attorneys'

---

[1]  Unless otherwise noted, all references to the docket refer to the docket for Case No. ED CV 08-0503 ABC (RCx).

[2]  The hearing previously set for the motion was vacated pending reassignment. December 10, 2009 Minute Order (Docket # 120). This case was previously assigned to Judge Larson, but was transferred to Chief Judge Collins.

[3]  Judge Larson's order provides an extensive discussion of the background of the case, which the Court will not repeat here.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | ED CV 08-00503 ABC (RCx) | Date | February 22, 2010 |
| --- | --- | --- | --- |
| | ED CV 08-00511 ABC (RCx) | | |
| | ED CV 08-00512 ABC (RCx) | | |

| Title | Riverside County Department of Mental Health v. A.S., et al. |
| --- | --- |

fees and costs. That motion seeks to recover for work performed by attorneys with the Disability Rights Legal Center ("DRLC") and Quinn Emanuel Urquhart Oliver & Hedges, LLP ("Quinn Emanuel") in the amount of $41,685.25 for work performed during the due process proceeding, $54,793.75 for work performed during the consolidated federal appeal, and $16,597.50 for work performed in connection with this fees motion. See, e.g., McGunigle Decl. Ex. G; McGunigle Reply Decl. Ex. A. Defendants also seek to recover certain costs incurred during those proceedings. See McGunigle Decl. Ex. G; McGunigle Reply Decl. Ex. A.

## II. REQUEST FOR ATTORNEYS' FEES

Litigants in the United States generally pay their own attorneys' fees, regardless of the outcome of a case, although Congress may provide otherwise by statute. Camacho v. Bridgeport Fin., Inc., 523 F.3d 973, 978 (9th Cir. 2008). The IDEA provides that the Court "may award reasonable attorneys' fees as part of the costs . . . to a prevailing party who is the parent of a child with a disability." 20 U.S.C. § 1415(i)(3)(B)(i).[4] In calculating an award of reasonable attorneys' fees in IDEA cases, courts use the familiar lodestar calculation set forth in Hensley v. Eckerhart, 461 U.S. 424 (1983). See Aguirre v. Los Angeles Unified School Dist., 461 F.3d 1114, 1121 (9th Cir. 2006). The lodestar consists of multiplying the number of hours reasonably expended on the matter by a reasonable hourly rate. Camacho, 523 F.3d at 978. Once the lodestar is calculated, it is presumed to be reasonable. Id. But the Court may adjust it based on the evaluation of additional factors not subsumed in the lodestar calculation. Id.

The RCDMH makes three arguments in challenging Defendants' proposed lodestar. First, it argues that the hourly rate sought by Heather McGunigle is excessive. Second, it argues that all work performed by Quinn Emanuel following issuance of the administrative decision was unnecessary. Third, it argues that the proposed lodestar should be reduced to reflect Defendants' settlement with the district. The Court will address each argument in turn. For the reasons discussed below, the Court finds that none of the RCDMH's arguments have merit and that Defendants may recover for all fees sought.

### A. HOURLY RATE FOR HEATHER MCGUNIGLE

Reasonable hourly rates are based upon the "prevailing market rates in the relevant community, regardless of whether plaintiff is represented by private or nonprofit counsel." Blum v. Stenson, 465 U.S. 886, 895 (1984). The relevant community is the "forum in which the district court sits." Barjon v. Dalton, 132 F.3d 496, 500 (9th Cir. 1997). And the prevailing rate is the "'rate prevailing in the

---

[4] "A prevailing party is one who succeeds on any significant issue in litigation which achieves some of the benefit the parties sought in bringing the suit." Weissburg v. Lancaster School Dist., 591 F.3d 1255, 1258 (9th Cir. 2010) (quoting Van Duyn v. Baker School Dist. 5J, 502 F.3d 811, 825 (9th Cir. 2007)) (internal alterations and quotations omitted). The RCDMH does not dispute that Defendants are the prevailing parties in this matter.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | ED CV 08-00503 ABC (RCx) | Date | February 22, 2010 |
| | ED CV 08-00511 ABC (RCx) | | |
| | ED CV 08-00512 ABC (RCx) | | |

| Title | Riverside County Department of Mental Health v. A.S., et al. |

community for similar work performed by attorneys of comparable skill, experience, and reputation.'" Id. at 502 (quoting Chalmers v. City of Los Angeles, 796 F.2d 1205, 1210-11 (9th Cir. 1986)). "Affidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the plaintiffs' attorney, are satisfactory evidence of the prevailing market rate." United Steelworkers of Am. v. Phelps Dodge Corp., 896 F.2d 403, 407 (9th Cir. 1990).

The RCDMH quibbles only with the rate sought for Heather McGunigle, who is a 2005 law school graduate claiming a rate of $375 per hour.[5] This Court recently approved that rate for another 2005 law school graduate working for the DRLC in this district based on evidence that is the same or very similar to that presented here. See Lauderdale v. City of Long Beach, Case No. CV 08-979 ABC (JWJx), Order Re: Attorney Fees and Costs at 10-11 (C.D. Cal. January 11, 2010) (awarding rate of $375 per hour to DRLC attorney who graduated law school in 2005 based on, inter alia, declarations from Laurence Paradis and Barrett Litt). For the same reasons articulated in Lauderdale, the Court finds the rate claimed by Ms. McGunigle to be in accordance with the prevailing rate in the community for similar work performed by attorneys of similar skill and experience.[6]

### B. WORK PERFORMED BY QUINN EMANUEL FOLLOWING ISSUANCE OF THE ADMINISTRATIVE DECISION

The RCDMH argues that all work done by Quinn Emanuel after the issuance of the administrative decision was unnecessary, so roughly 43 hours billed by Quinn Emanuel should be excluded entirely from the lodestar. Opp'n at 7-10; see also McGunigle Decl. Ex. G (documenting 85.4 hours billed by Kristelia Garcia, half of which it seeks to recover for from the RCDMH). Hours not "reasonably expended" are excluded from the lodestar. Hensley, 461 U.S. at 434. "By and large, the court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case; after all, he won, and might not have, had he been more of a slacker." Moreno v.

---

[5] Ms. McGunigle graduated from law school in December 2004. The DRLC appears to treat her as a 2005 graduate for billing purposes, however. See Mot. at 20, n.5 ("she is effectively a 2005 law school graduate").

[6] The RCDMH presented countervailing evidence in the form of an order awarding fees for Ms. McGunigle's services at a rate of $255 per hour for work performed in 2007. See Pulido v. Rialto Unified School Dist., Case No. ED CV 07-0506 VAP (JCRx) (C.D. Cal. May 11, 2008) (Craig Decl. Ex. B); see also Parks Decl. at ¶ 7. Rates awarded to the particular attorney in another case can be probative of her reasonable hourly rate. See Cruz ex rel. Cruz v. Alhambra School Dist., 601 F. Supp. 2d 1183, 1194 (C.D. Cal. 2009). In this case, however, the Court has before it substantial evidence as to the 2009 rate for attorneys of Ms. McGunigle's experience and expertise. The Court finds that evidence more persuasive than an order setting Ms. McGunigle's rate for work performed in 2007.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | ED CV 08-00503 ABC (RCx)<br>ED CV 08-00511 ABC (RCx)<br>ED CV 08-00512 ABC (RCx) | Date | February 22, 2010 |
|----------|-----------------------------------------------------------------------------------|------|-------------------|
| Title | Riverside County Department of Mental Health v. A.S., et al. | | |

City of Sacramento, 534 F.3d 1106, 1112 (9th Cir. 2008).

      Here, Quinn Emanuel's hours were not unnecessary. Indeed, the RCDMH does not point to specific entries of unnecessary work performed by Quinn Emanuel. Instead, the RCDMH argues generally that the DRLC staff had sufficient federal civil litigation experience to adequately represent Defendants following the entry of the administrative decision. See Opp'n at 8-9. The RCDMH does not dispute any Quinn Emanuel fees incurred during the due process proceedings. Opp'n at 9 n.2. Thus, the RCDMH's argument appears to boil down to its belief that the case could have been staffed more efficiently by not having Quinn Emanuel attorneys continue working on the case beyond that point. Such speculation does not warrant a reduction in fees. See Moreno, 534 F.3d at 1114 ("the district court may not set the fee based on speculation as to how other firms would have staffed the case").

### C.      HOURS SPENT LITIGATION AGAINST THE DISTRICT

      The RCDMH next argues that Defendants' proposed lodestar should be reduced to account for their settlement with the District. See Opp'n at 10-11. More particularly, the RCDMH requests that the total hours be halved. See Opp'n at 12. As their moving papers make clear, however, Defendants have already done precisely that:

> [B]ecause [Defendants] have settled their case with Riverside Unified School District, I deducted in their entirety, all time entries on both Quinn Emanuel's and DRLC's billing statements that are exclusively attributable to Riverside Unified School District, and not to RCDMH. . . .
>
> After making those deductions, I reduced the remaining totals by 50 percent, again, to account for [Defendants'] settlement with Riverside Unified School District. Some of the entries that were divided by half were exclusively attributable to RCDMH, and therefore this approach actually underestimates RDCHH's [sic] liability for fees. However, I made those deductions for ease of calculation and to account for any remaining arguable inefficiencies.

McGunigle Decl. at ¶¶ 25-26.[7] Accordingly, the RCDMH's point is moot.

### D.      CONCLUSION ON FEES

---

     [7] In light of this clear explanation of Defendants' deductions made to reflect their settlement with the District, the Court is puzzled by the RCDMH's assertion that it "is unaware of any attempt by Defendants to offset the amount requested from RCDMH by the amounts received from the District." Opp'n at 10.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | ED CV 08-00503 ABC (RCx)<br>ED CV 08-00511 ABC (RCx)<br>ED CV 08-00512 ABC (RCx) | Date | February 22, 2010 |
|---|---|---|---|
| Title | Riverside County Department of Mental Health v. A.S., et al. | | |

As noted above, the lodestar is presumptively reasonable. Camacho, 523 F.3d at 978. The Court has considered the additional factors that could militate in favor of adjusting the lodestar, and finds that none of them warrant any adjustment. Accordingly, the Court concludes that Defendants are entitled to recover attorneys' fees in the amount of their proposed lodestar: $113,076.50.

## III.  REQUEST FOR COSTS

The RCDMH lastly argues that Defendants are not entitled to recover the $2,627.79 in costs sought, asserting that the IDEA does not allow prevailing parties to recover costs. Opp'n at 11. The IDEA allows for the recovery of "reasonable attorneys' fees as part of the costs" to the parents of "a child with a disability" who is the "prevailing party." 20 U.S.C. § 1415(i)(3)(B)(i).[8]  The Supreme Court has provided guidance on the interpretation of this provision:

> [Section] 1415(i)(3)(B) does not say that a court may award "costs" to prevailing parents; rather, it says that a court may award reasonable attorney's fees "as part of the costs" to prevailing parents. This language adds reasonable attorney's fees incurred by prevailing parents to the list of costs that prevailing parents are otherwise entitled to recover. This list of otherwise recoverable costs is obviously the list set out in 28 U.S.C. § 1920, the general statute governing the taxation of costs in federal court.

Arlington Cent. School Dist. Bd. of Edu. v. Murphy, 548 U.S. 291, 297-98 (2006); see also id. at 301 ("the term 'costs' in 20 U.S.C. § 1415(i)(3)(B), like the term in Rule 54(d), is defined by the categories of expenses enumerated in 28 U.S.C. § 1920"). Thus, Defendants are entitled to recover costs, but only to the extent allowed under Section 1920.

Unfortunately, neither party analyzes whether the costs claimed here are actually recoverable under Section 1920.[9]  Accordingly, to the extent Defendants would like to continue seeking costs, they must file a bill of costs with the Court Clerk within 10 days and attach this order. See Local Rule 54.

## IV.  CONCLUSION

---

[8]  The basis for Defendants' cost request appears to be Section 1415(i)(3)(B). See Mot. at 1; see also Reply at 8(citing Section 1415(g)(3)(B) in an apparent typographical error).

[9]  The Court expresses no opinion regarding whether the costs listed by Defendants in their moving papers are recoverable.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 08-00503 ABC (RCx)<br>ED CV 08-00511 ABC (RCx)<br>ED CV 08-00512 ABC (RCx) | Date | February 22, 2010 |
| --- | --- | --- | --- |
| Title | Riverside County Department of Mental Health v. A.S., et al. | | |

For the foregoing reasons, Defendants' request for attorneys' fees is **GRANTED** in the amount of $113,076.50, and Defendants' request for costs is **DENIED** without prejudice to filing a bill of costs with the Court Clerk.

**IT IS SO ORDERED.**

: 

Initials of Preparer    AB

1   Paula Pearlman            (State Bar No. 109038)
    paula.pearlman@lls.edu
2   Shawna L. Parks           (State Bar No. 208301)
    shawna.parks@lls.edu
3   **DISABILITY RIGHTS LEGAL CENTER**
    919 Albany Street
4   Los Angeles, CA 90015
    Tel: (213) 736-1031 / Fax: (213) 736-1428
5
6   Heather D. McGunigle      (State Bar No. 237174)
    heather.mcgunigle@lls.edu
7   **DISABILITY RIGHTS LEGAL CENTER**
    320 East D Street
8   Ontario, CA 91764
    Tel: (909) 460-2034 / Fax: (909) 460-2094
9
10  Attorneys for Defendants and Consolidated Plaintiff

11
12                **UNITED STATES DISTRICT COURT**
13          **FOR THE CENTRAL DISTRICT OF CALIFORNIA**
14

15  RIVERSIDE COUNTY                 Consolidated Case Nos. ED CV 08-
    DEPARTMENT OF MENTAL             00503 SGL (Rx); ED CV 08-0511 SGL
16  HEALTH,                          (RCx)

17              PLAINTIFF(S)         **NOTICE OF MOTION AND
                                     MOTION FOR AWARD OF**
18       vs.                         **ATTORNEYS' FEES PURSUANT
                                     TO 20 U.S.C. § 1415;**
19  A.S., an individual; and MONICA  **MEMORANDUM OF POINTS AND**
    VALENTINE, an individual,        **AUTHORITIES**
20
                DEFENDANT(S)         [Declarations of HEATHER
21                                   MCGUNIGLE, SHAWNA L. PARKS,
                                     AARON B. CRAIG, LAURENCE W.
22                                   PARADIS, BARRETT S. LITT, PAUL
                                     VANDOREN; [Proposed] Order filed
23                                   concurrently herewith]

24                                   Date:    August 10, 2009
25                                   Time:    10:00
                                     Place:   Courtroom 1
26
27                                   HON. STEPHEN G. LARSON
28

────────────────────────────────────────────
      DEFENDANT/CONSOLIDATED PLAINTIFF MONICA VALENTINE MOTION FOR AWARD OF
                              ATTORNEYS' FEES

**CONSOLIDATED CASES:**

MONICA VALENTINE,

             Plaintiff,

      v.

RIVERSIDE UNIFIED SCHOOL
DISTRICT, a public entity;
RIVERSIDE COUNTY
DEPARTMENT OF MENTAL
HEALTH, and DOES 1-10, inclusive,

          Defendants.

# <u>**TABLE OF CONTENTS**</u>

I.   Introduction………….……………………………………………… 2

    1. Plaintiff is the Prevailing Party………………………………... 4

    2. The Result of this Case Serves the Public Interest…………… 4

    3. Plaintiff's Counsels' Hours were Reasonably Expended and
       Well Documented; Plaintiff's Counsels' Rates are Based
       on Prevailing Market Rates…………………………………… 4

    4. Plaintiff's Counsel Displayed Exceptional Skill and
       Expertise…………………………………………………….... 4

II.  Requested Fees and Costs……………………………………… 5

III. Factual Background……………………………………………… 5

IV.  History of Litigation……………………………………………… 7

    A. Underlying Due Process Proceeding………………………... 7

    B. Federal Court Proceeding…………………………………… 9

       1. Federal Court Appeal of Due Process Decision……….. 9

V.   Legal Standard…………………………………………………… 10

VI.  Plaintiff is the Prevailing Party Under Both State and Federal
    Law and is Entitled to Attorneys' Fees and Costs………………... 12

VII. The Amount Sought by Plaintiff Is Reasonable…………………. 14

    a. The Number Of Hours Claimed Is Reasonable and Well-
       Documented……………………………………………… 14

       i. Plaintiff's Counsel Pursued This Case Efficiently
         And The Hours Claimed Are Reasonable……………… 14

       ii. Plaintiff's Counsel Has Provided Detailed
         Documentation Of Fees………………………………… 17

    b. The Hourly Rates Claimed Are Reasonable and

Comparable to Other Local Attorneys' Rates…………………… 18

    i.  Heather McGunigle…………………………………………... 20

    ii.  Shawna Parks…………………………………………….... 20

    iii.  Maronel Barajas…………………………………………... 21

    iv.  Kristelia Garcia…………………………………………… 22

    v.  Aaron Craig…………………………………………….... 22

  c.  In the Exercise of Billing Judgment, Plaintiff's Counsel

Has Discounted its Lodestar total…………………………….... 22

VIII.  This Fee Award Should Include Fees for Time Spent in

Federal Court……………………………………………… 23

IX.    Conclusion………………………………………………… 24

## **TABLE OF AUTHORITIES**

**Cases**

*Barlow-Gresham Union High Sch. Dist. No. 2 v. Mitchell,* 940 F.2d 1280, 1286 (9th Cir. 1991)..................................................................................10

*Barrios v. California Interscholastic Federation*, 277 F.3d 1128, 1134 (9th Cir. 2002) ...............................................................................................12

*Bd.Ed.The Hendrick Hudson Cent. Sch. Dist., Westchester County v. Rowley*, 458 U.S. 176, 189 (1982)...............................................................................12

*Bernardi v. Yeutter*, 951 F.2d 971, 975 (9th Cir. 1991) ...........................................23

*Blum v. Stenson,* 465 U.S. 886, 895 (1984) ................................................ 10, 18

*Bouman v. Block*, 940 F.2d 1211, 1236 (9th Cir. 1991) ..........................................16

*Caudle v. Bristol Optical Co., Inc.,* 224 F.3d 1014, 1028 (9th Cir. 2000) ..............10

*Chrapliwy v. Uniroyal, Inc.,* 670 F.2d 760, 768-69 (7th Cir. 1982), *cert. denied,* 461 U.S. 956, 103 S. Ct. 2428, 77 L.Ed.2d 1315 (1983)............................................19

*City of Riverside v. Rivera*, 477 U.S. 561, 581 (1986) ............................................14

*Clark v. City of Los Angeles*, 803 F.2d 987, 992 (9th Cir. 1986) ...........................23

*County of San Diego v. Calif. Special Education Hearing Office*, 93 F.3d 1458,1468 (9th Cir. 1996).................................................................................13

*Davis v. City and Ct. of San Francisco*, 976 F.2d 1536, 1544 (9th Cir. 1992) .......16

*Dennis v. Change,* 611 F.2d 1302, 1306 n.12 (9th Cir. 1980)……………….. 10,18

*Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983) ............................................ 10, 14

*Johnson v. University College*, 706 F.2d 1205, 1208 (11th Cir. 1983)...................16

*Kerr v. Screen Extras Guild, Inc.,* 526 F.2d 67, 69-70 (9th Cir. 1975)...................11

*Louisville Black Officers Org., Inc. v. Louisville,* 700 F.2d 268, 278 (6th Cir. 1983) ...............................................................................................................19

*M.L. v. Federal Way School District*, 394 F.3d 634 (9th Cir. 2005).......................13

*Maceira v. Pagan,* 698 F.2d 38, 40 (1st Cir. 1983) ................................................19

*McDonald v. Armontrout*, 860 F.2d 1456, 1459-60 (8th Cir. 1988) .......................19

*National Wildlife Federation v. Hanson,* 859 F.2d 313, 317-18 (4th Cir. 1988)....19

*Parents of Student W. v. Puyallup Sch. Dist. No. 3*, 31 F.3d 1489, 1498 (9th Cir. 1994) .........................................................................................................13

*Park, ex rel. Park v. Anaheim Union High School Dist.*, 464 F.3d 1025, 1035-36 (9th Cir. 2006)...............................................................................................12

*Pennsylvania v. Delaware Valley Citizens Council for Clean Air*, 478 U.S. 546, 564 (1986) ...................................................................................................14

*Perkins v. Mobile Housing Board*, 847 F.2d 735 (11th Cir. 1988) .........................16

*Perkins v. Mobile Housing Board*, 847 F.2d 735, 738 (11th Cir. 1988) .................18

*PLCM Group, Inc. v. Drexler,* 22 Cal. 4th 1084, 1095 (2000)................................10

*Polk v. New York State Dept. of Correctional Servs.*, 722 F.2d 23, 25 (2nd Cir. 1983) .........................................................................................................19

*Shapiro ex rel. Shapiro v. Paradise Valley Unified Sch. Dist.,* 374 F.3d 857, 864-65 (9th Cir. 2004)...........................................................................................12

*Texas State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792 (1989) ...............................................................................................................12

*U.S. v. City and County of San Francisco*, 748 F.Supp. 1416, 1421 (N.D. Cal. 1990) .........................................................................................................16

*Union School District v. Smith*, 15 F.3d 1519 (9th Cir. 1994) ...............................13

*Ustrak v. Fairman,* 851 F.2d 983, 988 (7th Cir. 1988).............................................10

**Statutes**

20 U.S.C. § 1415(i)(3)(B) .............................................................................. 1, 10

20 U.S.C. §1400(d)(1) .............................................................................................12

California Welfare and Institutes Code section 11460(c)(2) & (3) ..........................6

**Other Authorities**

Daniel Golden, "Schools Beat back Demands for Special Ed Services." Wall Street
Journal, July 24, 2007 ..........................................................................16

**Regulations**

California Code of Regulations section 60100(h) .....................................6

**TO PLAINTIFF / CONSOLIDATED DEFENDANT AND ITS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** on August 10, 2009 at 10:00 a.m., or at such other date and time as may be ordered by the Court, in Courtroom 1 of the above-captioned Court, located at 3470 Twelfth Street, Riverside, California 92501, Defendant/Consolidated Plaintiff[1] Monica Valentine will and hereby do move for an order granting Defendant's Motion for Attorneys' Fees.

This motion is made following a number of conferences of counsel pursuant to U.S. District Court, Central District Local Rule 7-3. There have been numerous occasions when the parties discussed attorneys' fees, including but not limited to June 26, 2008 and May 22, 2009.

As the prevailing party Plaintiff Monica Valentine respectfully requests reasonable fees and costs in the amount of $104,852.60. Of that total, $42,557.50 is for work in the due process proceeding, $56,445.10 is for work at the federal court level, and $5,850.00 is for work on the instant motion (this final figure will be updated on reply). This motion, made pursuant to 20 U.S.C. § 1415(i)(3)(B), is based upon the accompanying Memorandum of Points and Authorities, the concurrently filed Declarations of Heather McGunigle, Shawna L. Parks, Aaron B. Craig, Laurence W. Paradis, Barrett. S. Litt, and Paul VanDoren, the pleadings and papers on file in this action, such matters of which the Court may take judicial notice, and other such evidence and argument as may be presented at the hearing.

DATED: July 17, 2009        Respectfully submitted,

         DISABILITY RIGHTS LEGAL CENTER

         By: __/s/ Heather McGunigle_____

           Heather McGunigle
           Attorneys for Defendants
           /Consolidated Plaintiffs

---

[1] For the purpose of this Motion, Defendant / Consolidated Plaintiff Monica Valentine will be referred to as "Plaintiffs."

## I. **Introduction**

The case of first impression underlying this motion was about whether Student A.S., a special education eligible student with multiple disabilities, including deafness and an emotional disturbance, was entitled to receive a free and appropriate education ("FAPE"). The Individuals with Disabilities Education Act ("IDEA") mandates that all students identified as eligible for special education and related services receive a FAPE. In the underlying administrative special education hearing, all parties agreed that the National Deaf Academy was the only available placement in the country that constituted a FAPE for A.S. because it was the only place that could address the unique intersection of his communication and mental health needs.

Nevertheless, the Riverside Unified School District ("District") and Riverside County Department of Mental Health ("RCDMH") refused to place A.S. at the National Deaf Academy because they contended that state law prevented them from doing so.

The Office of Administrative Hearings held that the National Deaf Academy was the only appropriate placement available to A.S., holding that even if certain provisions of state law prohibited the District and RCDMH from placing A.S. there, the IDEA and California Education Codes trumped those prohibitory provisions. The Administrative Law Judge thus found that A.S. was not provided a FAPE, and ordered compensatory education to remedy this violation, in the form of placement at the National Deaf Academy.

Despite this, the District and RCDMH filed a Motion for Reconsideration with the Office of Administrative Hearings, essentially disputing that the Administrative Law Judge had characterized the award as compensatory education. After the Administrative Law Judge denied their Motion for Reconsideration, the District and RCDMH filed the instant case, seeking reversal of the Administrative Judge's Order to place A.S. at the only facility able to provide him with a FAPE –

the National Deaf Academy. The Court affirmed the Administrative Judge's Order on July 6, 2009.

A.S.'s victory at the administrative due process proceeding and in the federal appeal in this matter dramatically altered his educational landscape. As a result of the ruling by the Administrative Law Judge, A.S. was able to attend the National Deaf Academy, the only placement that would address both his communication and mental health needs. Further, the remarkable outcome in this case may have the precedential effect of deterring RCDMH and other county mental health departments from denying students with disabilities appropriate placements when they require placement at a facility that is run on a for-profit basis in order to receive a FAPE.

The consequences of litigating this case were significant not only for children with disabilities, but also for Plaintiff's counsel, Disability Rights Legal Center ("DRLC") and Quinn Emanuel. DRLC is a non-profit organization that specializes in representing people with disabilities. In addition to representing low-income parents of children with disabilities, DRLC engages in extensive public service work that is not fee-generating, such as its Options Counseling Program, which provides free resources and referrals to low-income callers with disabilities, and self-advocacy trainings, including special education trainings to low-income parents of children with disabilities so that they can better advocate for their children's needs. Declaration of Heather McGunigle ("McGunigle Decl.") ¶ 2-3. Quinn Emanuel is a large private litigation firm that co-counsels with the DRLC in due process hearings in order to leverage DRLC's resources and assist DRLC in representing a greater number of low-income clients. Declaration of Aaron B. Craig ¶ 4; Declaration of Shawna L. Parks ¶ 8; McGunigle Decl. ¶ 19.

In successfully litigating this action, Plaintiff's counsel had to expend substantial time and resources demanded by this important case. As the prevailing

party, Plaintiff Monica Valentine is entitled under applicable law to recover their full reasonable attorneys' fees and costs because, as set forth in detail below:

**(1) Plaintiff is the Prevailing Party.**

The Administrative Law Judge determined that Monica Valentine and A.S. prevailed on the sole issue heard. The order below has now been affirmed by this Court.

**(2) The Result of this Case Serves the Public Interest.**

As a result of this case and the cases which will rely and build upon it, the Riverside Department of Mental Health will be deterred from refusing to place students at a FAPE, even if the only available placement is at a for-profit institution.

**(3) Plaintiff's Counsels' Hours were Reasonably Expended and Well Documented; Plaintiff's Counsels' Rates are Based on Prevailing Market Rates.**

Plaintiff's counsel kept detailed records of all hours expended. These records, supported by sworn declarations, constitute conclusive evidence of the time expended. The time expended addressed, *inter alia*, the legal and factual issues involved, the importance of the issue presented. Counsels' rates charged in the instant matter are comparable to prevailing market rates in the legal community as supported by the sworn declarations submitted with this motion.

**(4) Plaintiff's Counsel Displayed Exceptional Skill and Expertise.**

Based upon the trial experience of Quinn Emanuel and DRLC's experience and expertise in disability and special education law, Plaintiff's attorneys remained focused on the primary issue in this case and litigated the case effectively and efficiently. Plaintiff's success was directly related to counsels' careful preparation, underlying research, and diligence.

As a result, Plaintiff is entitled to the full measure of attorneys' fees and costs requested.

**II.     Requested Fees and Costs**

Plaintiff now moves for an award of reasonable fees and costs. The total amounts incurred by Plaintiff up through July 16, 2009 are as follows:

**Due Process Work[2]**

1.     Lodestar Fees:    $41,685.25

2.     Costs:              $932.25

3.     Total:             $42,557.50

**Fees for Time Spent in Federal Court on Plaintiff's Appeal of the Administrative Law Judge Decision and Related Proceedings**

1.     Lodestar Fees:    $54,793.75

2.     Costs:              $1,651.35

3.     Total:             $56,445.10

**Fees for Time Spend on the Instant Motion**

i.     Lodestar Fees:    $5,850.00

ii.    Costs:              $0.00

iii.   Total:             $5,850.00

**III.    Factual Background**

At the time of the underlying administrative hearing, A.S. was seventeen years old. His family is low-income. He is deaf and his only effective mode of communication is American Sign Language. He also has a serious emotional disturbance and a long history of social and behavioral problems and has had numerous psychiatric hospitalizations. In addition, A.S. has been assessed as having borderline cognitive ability, and also has impaired vision. Throughout his educational career, A.S. has experienced multiple failed placements, because he requires a highly specialized program that can meet both his mental health and

---

[2] These numbers are the fees sought after substantial discounts for purposes of billing judgment and to reflect the fact that Plaintiffs have settled with the District and thus do not seek fees against the District in this motion. *See infra* Section VII for further explanation of Plaintiffs' calculations.

communication needs. During this time, A.S. has been hospitalized as a result of his mental health conditions, including being placed on several 72-hour psychiatric holds. Decision, Supp. A.R. p. 782-784, ¶¶ 5 and 16. Stipulated Facts, Supp. A.R. p. 733, ¶¶ 8 and 10.

DRLC attorney Heather McGunigle has been advocating for A.S. since 2005, assisting his family in the struggle to find him an appropriate placement. McGunigle Decl. ¶ 5. After A.S. moved to the District in 2007, the parties made a number of attempts at an educational placement. However, none of these were successful given his very unique needs. In October of 2007, the Individualized Education Plan team met and recommended placement at a residential program. Despite investigation of a variety of programs, RCDMH "exhausted all leads for placement of [A.S.] in a non-profit, in-state or out-of-state residential treatment center." Decision, Supp. A.R. p. 783 ¶14; Stipulated Facts Supp. A.R. p. 737 at ¶¶ 24-26.

Separately from the District and Department of Mental Health, A.S. (through his parent and counsel) located the National Deaf Academy, which could accommodate both his mental health condition, cognitive abilities and also had a staff that was fluent in American Sign Language. All parties "agree[d] that the [National Deaf Academy] is an appropriate placement which would provide Student a FAPE." Decision, Supp. A.R. p. 783-784, ¶ 15; Stipulated Facts, Supp. A.R. p. 733 ¶ 9, *Id.* at 737, ¶ 25.

However, the District and RCDMH took the position that they could not place A.S. at the National Deaf Academy because it is operated by a for-profit entity. More specifically, they took the position that California law, specifically the California Code of Regulations section 60100(h) and California Welfare and Institutes Code section 11460(c)(2) & (3) prohibited them from placing student at a for-profit entity. As a result, A.S. filed for due process.

## IV. History of Litigation

### A. Underlying Due Process Proceeding

On September 25, 2007, A.S. filed his First Amended Request for Due Process Hearing based on his need for a therapeutic residential placement that could meet both his communication and mental health needs. *See* First Amended Request for Due Process Hearing, Supp. A.R. p. 675. On December 31, 2007, the Parties submitted their joint Stipulated Statement of Facts and Evidence, Supp. A.R. p. 731; their Joint Stipulation of Issue to be Decided, Supp. A.R. p. 722; and their Closing Arguments, Supp. A.R. p. 743.

In the underlying proceeding, no disagreement existed among the parties as to what constituted a FAPE. All parties agreed that the National Deaf Academy was the only placement able to afford Student a FAPE. The issue presented for resolution was whether the District and RCDMH could place A.S. at a for-profit institution, when no other appropriate residential placement is available to provide him a FAPE. Decision, Supp. A.R. p. 891.

The matter was decided based upon the documents submitted, and no hearing was held. *See* Decision, Supp. A.R. p. 780. The Administrative Law Judge took judicial notice of the Stipulated Facts. Decision, Supp. A.R. p. 781, fn. 1. On January 15, 2008, she issued her Decision in favor of Student, ordering District and RCDMH to place A.S. at the National Deaf Academy, a for-profit residential placement. Decision, Supp. A.R. p. 788. The Administrative Law Judge held, *inter alia*, that assuming the District and Department of Mental Health's interpretation was correct (that certain state regulations and codes prevent placement at a for-profit institution) that this runs counter to both the California Education Code as it relates to special education and the mandates of the IDEA. Decision, Supp. A.R. p. 786-788, ¶¶ 9-17. The Administrative Law Judge thus concluded that regardless of whether the District and Department of Mental Health properly interpreted the state regulations and Welfare and Institutions Code, that:

[A.S.] has ultimately been denied a FAPE since May 23, 2007,
when he was terminated from attending [the Riverside School
for the Deaf]... Student's need for therapeutic residential
placement with ASL services continues. As a result of this
denial of FAPE, Student is entitled to compensatory education...

Decision, Supp. A.R. p. 788, ¶ 17. Thus, the Administrative Law Judge ordered
"[t]he District has denied Student a free appropriate public education as of May 23,
2007. The District and [RCDMH] are to provide Student with compensatory
education consisting of immediate placement at the National Deaf Academy...."
Decision, Supp. A.R. p. 788.

On January 28, 2008, District submitted its Motion for Reconsideration of
Decision and Order. RCDMH filed a joinder in District's Motion on January 31,
2008. Supp. A.R. p. 791-806. They objected to the fact that the Administrative
Law Judge characterized the relief she provided as compensatory education. The
agencies' objections were based on the fact that the parties had not identified
"compensatory education" as an issue for the Administrative Law Judge to resolve,
and because A.S. waived claims for compensatory education for the time period of
April 20, 2007 through October 9, 2007. However, A.S. never disputed the waiver.
Indeed in A.S.'s Response in Opposition to District and RCDMH's Motion for
Reconsideration, he expressly stated that he does not dispute the existence of a
waiver, but contended that he was entitled to placement as a matter of FAPE.[3]
Order Denying Motion for Reconsideration, Supp. A.R. p. 819, ¶ 6; Student's
Response in Opposition to Motion for Reconsideration, Supp. A.R. p. 811, fn. 1.
On February 20, 2008, the Administrative Law Judge issued her Order Denying
Motion for Reconsideration, and reasserted her order of equitable compensatory
relief in the form of placement at National Deaf Academy. Order Denying Motion

---

[3] In any event, any waiver did not cover the entire period at issue in the proceeding and thus
could not have affected the ultimate outcome.

for Reconsideration, Supp. A.R. p. 820.

## B. Federal Court Proceeding

### 1. Federal Court Appeal of Due Process Decision

District and RCDMH filed cases appealing the underlying due process decision. At the same time Ms. Valentine and A.S. filed a case to recover attorneys' fees for prevailing in the underlying due process proceeding. In the time between the due process decision and the appeal in this matter, A.S. left the National Deaf Academy. Thus, the practical effect of the due process decision was complete. However, the outcome of the appeal would determine Defendants' entitlement to attorneys' fees. It could also set a precedent regarding legal obligations of the entities involved in situations such as these where the needs of the student are very unique, and the services available to meet those needs are very limited. However, aside from precedential value, the only remaining relief at issue in the case was attorneys' fees. The District's and RCDMH's appeals, however, presented novel issues of first impression. Therefore, the issues required extensive briefing by Plaintiff at the federal appeal stage.

On May 14, 2009, representatives of all of the parties attended a Mandatory Settlement Conference in front of Magistrate Judge Rosalyn M. Chapman. The District and Plaintiff settled their claims against each other at this Conference. After the Mandatory Settlement Conference RCDMH moved to Disqualify Magistrate Judge Chapman and Plaintiff filed an Opposition to this Motion and prepared for the hearing on July 6, 2009. Plaintiff also responded to RCDMH's ex parte Application for Continuance of the Mandatory Settlement Conference and submitted a Joint Stipulation to Seal Documents Regarding Mandatory Settlement Conference. At the July 6 hearing on the motion for disqualification the Court indicated that it would affirm the Administrative Law Judge's order, and that issue thus was moot. See July 6, 2009 Minute Order (Docket No. 101).

## V. <u>Legal Standard</u>

The Individuals with Disabilities Education Improvement Act (the "IDEIA") entitles A.S. through his mother, as the prevailing party, to recoup his attorneys' fees incurred in vindicating his right to a free and appropriate public education. 20 U.S.C. § 1415(i)(3)(B). Moreover, he is entitled to recover the attorneys' fees incurred to enforce the right to reimbursement of the fees from the underlying action, commonly known as "fees on fees." *See Barlow-Gresham Union High Sch. Dist. No. 2 v. Mitchell,* 940 F.2d 1280, 1286 (9th Cir. 1991).

As with all claims for attorneys' fees, the starting point in a court's analysis of an IDEIA attorneys' fees award is the calculation of a presumptively reasonable "lodestar" amount, where the court multiplies the number of reasonable hours expended on the case by a reasonable hourly rate. *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983); *Caudle v. Bristol Optical Co., Inc.,* 224 F.3d 1014, 1028 (9th Cir. 2000); *cf. PLCM Group, Inc. v. Drexler,* 22 Cal. 4th 1084, 1095 (2000) (California state calculation of attorneys' fees award using the lodestar amount).

These fees are to be calculated at the prevailing private market rates. Only this is considered a "fully compensatory fee" that encourages the vindication of constitutional and statutory rights. *See Hensley,* 461 U.S. at 435; *Ustrak v. Fairman,* 851 F.2d 983, 988 (7th Cir. 1988); *see generally Blum v. Stenson,* 465 U.S. 886, 895 (1984) (legislative history of civil rights statutes requires that hourly rates for public interest attorneys equal prevailing private market rates). The "award of fees to legal aid offices and other groups furnishing *Pro bono publico* representation promotes the enforcement of the underlying statutes as much as an award to privately retained counsel." *Dennis v. Change,* 611 F.2d 1302, 1306 n.12 (9th Cir. 1980); *see also* Declaration of Barrett S. Litt ("Litt Decl.") ¶¶ 15-16.

Adjustments to this presumptively reasonable amount may then be made based upon the factors set forth in *Kerr v. Screen Extras Guild, Inc.,* 526 F.2d 67,

69-70 (9th Cir. 1975), *cert denied,* 425 U.S. 951 (1976), to the extent that those factors are not reflected in the lodestar calculation. *See Caudle,* 224 F.3d at 1028-29. The *Kerr* factors include: (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. *Kerr*, 526 F.2d at 69-70.

As will be explained below, both the rates charged and the hours spent by Plaintiff's attorneys are reasonable, and the Court need go no further than this lodestar amount to award the full fees incurred in this action. However, should the Court do so, application of the abovementioned factors to the circumstances of the case demonstrate that the amount requested by Plaintiff is reasonable. For instance, Quinn Emanuel and the DRLC attorneys involved in this action have dedicated over 450 hours over the last two years vindicating A.S.'s rights, with the Quinn Emanuel attorneys doing so at the expense of more lucrative work. DRLC is widely recognized as an expert in the field of disability rights and special education, and known for bringing important and cutting edge cases in these fields. Parks Decl. ¶ 3. Furthermore, there are very few lawyers in Southern California and the Inland Empire, in particular, who are available or willing to undertake such matters. Declaration of Paul VanDoren ¶¶ 4, 9. Finally, Plaintiff obtained an excellent result at the administrative hearing, which was upheld on appeal.

## VI.    Plaintiff is the Prevailing Party Under Both State and Federal Law

## **and is Entitled to Attorneys' Fees and Costs**

Plaintiff was the prevailing party in the underlying action filed. Plaintiff meets all conceivable standards to be a prevailing party with entitlement to attorneys' fees pursuant to IDEA. IDEA was created "to bring previously excluded handicapped children into the public education systems of the States and to require the States to adopt procedures which would result in individualized consideration of and instruction of each child." *Bd.Ed.The Hendrick Hudson Cent. Sch. Dist., Westchester County v. Rowley*, 458 U.S. 176, 189 (1982).

IDEA seeks "to ensure that all children with disabilities have available to them a free appropriate public education that emphasizes special education and related services designed to meet their unique needs and prepare them for further education, employment and independent living..." 20 U.S.C. §1400(d)(1). IDEA, its implementing regulations and California law set forth specific and comprehensive requirements to ensure that this occurs.

A party is "prevailing" when it can "point to a resolution of the dispute which changes the legal relationship between itself and the defendant." *Texas State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792 (1989). "[A] plaintiff 'prevails' when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits plaintiff." *Barrios v. California Interscholastic Federation*, 277 F.3d 1128, 1134 (9th Cir. 2002) (internal quotations and citations omitted); see also *Texas State Teachers Ass'n*, 489 U.S. at 792-93 (stating that touchstone is the "material alteration of the legal relationship of the parties."); *Park, ex rel. Park v. Anaheim Union High School Dist.*, 464 F.3d 1025, 1035-36 (9th Cir. 2006); and *Shapiro ex rel. Shapiro v. Paradise Valley Unified Sch. Dist.*, 374 F.3d 857, 864-65 (9th Cir. 2004) (alteration of legal relationship is relevant inquiry).

Importantly, the Ninth Circuit has held that "a material alteration of the legal

relationship occurs [when] the plaintiff becomes entitled to enforce a judgment...In these situations, the legal relationship is altered because the plaintiff can force the defendant to do something he otherwise would not have to do." *Barrios*, 277 F.3d at 1134 (emphasis added). So long as "a party... 'succeed[s] on any significant issue in the litigation which achieves some of the benefit the parties sought in brining suit.'" He is the prevailing party for purposes of attorneys' fees. *Parents of Student W. v. Puyallup Sch. Dist. No. 3*, 31 F.3d 1489, 1498 (9th Cir. 1994) (alteration in original) (emphasis added) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1988)).

In the underlying matter here, Plaintiff prevailed on the sole issue heard, and were awarded one hundred percent of the relief sought. The Administrative Law Judge explicitly found that "[t]he Student prevailed on the sole issue heard and decided." Decision, Supp. A.R. at 788. The relief altered the parties' legal relationship and Plaintiff was consequently able to force Defendants to provide placement at the National Deaf Academy. This order is now affirmed on appeal.

Courts have held that a victory on the issue of educational placement, denial of FAPE, or procedural violations of IDEA is each sufficient to entitle plaintiff to fees. *See*, e.g., *M.L. v. Federal Way School District*, 394 F.3d 634 (9th Cir. 2005) (finding failure to include regular education teacher on IEP team a significant violation of IDEA procedures) on remand 401 F.Supp.2d 1158, 1163 (student was prevailing party and entitled to fees based on result); *County of San Diego v. Calif. Special Education Hearing Office*, 93 F.3d 1458,1468 (9th Cir. 1996) (entitlement to fees when student prevailed on issue of residential placement); *Union School District v. Smith*, 15 F.3d 1519 (9th Cir. 1994) (entitlement to fees when district failed to make a formal offer and parents ordered reimbursed for placement).

The underlying case specifically involved the issue of placement, and the Administrative Law Judge found that A.S. had been denied a FAPE. For all of the reasons stated above, Plaintiff is entitled to recover full attorneys' fees and costs as

mandated by both federal and state statutes and binding precedent.

## VII.  <u>**The Amount Sought by Plaintiff Is Reasonable.**</u>

The starting point for computation of attorneys' fees in civil rights cases is the "lodestar" arrived at by multiplying the number of hours reasonably expended by the reasonable hourly rates. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The "resulting product is presumed to be the reasonable fee to which counsel is entitled." *Pennsylvania v. Delaware Valley Citizens Council for Clean Air*, 478 U.S. 546, 564 (1986) (internal quotations omitted). Where, as here, Plaintiff obtained substantial results, the "attorney should recover a fully compensatory fee . . . encompass[ing] all hours reasonably expended on the litigation . . . ." *Hensley v. Eckerhart*, 461 U.S. at 435. Under federal law a "fully compensatory fee" is one that encourages the vindication of constitutional and statutory rights through recovery of all costs and time spent on the case, calculated at private market rates. It must ensure that attorneys are paid for all the time they devote to the litigation. It is not limited by the number of causes of actions on which relief is awarded, or the amount of damages recovered. *See City of Riverside v. Rivera*, 477 U.S. 561, 581 (1986). Thus, once the Plaintiff has been determined to be the prevailing party, they are entitled to all reasonable time spent.

Plaintiff's counsels' lodestar is reasonable because: (a) detailed, contemporaneous records show that counsel expended all hours on negotiation or litigation tasks necessary to attaining relief and (b) counsels' billing rates are comparable to those of attorneys with similar expertise and experience.

### a.  The Number Of Hours Claimed Is Reasonable and Well-Documented

#### i.  Plaintiff's Counsel Pursued This Case Efficiently And The Hours Claimed Are Reasonable.

The time spent on this case was necessary and reasonable. This case was pursued as efficiently as possible in light of RCDMH's position on settlement and

unwillingness to give properly place Student at the National Deaf Academy. Because, as the hearing decision shows, this case involved complicated legal issues, including conflicts of laws, it required extensive briefing in order to be decided both by the Administrative Law Judge and the District Court. McGunigle Decl. ¶¶ 9-10.

In the underlying proceeding, all parties agreed that the National Deaf Academy was the only placement able to afford Student a FAPE. The issue presented for resolution was whether the District and RCDMH could place A.S. at a for-profit institution, when no other appropriate residential placement is available to provide him a FAPE. Decision, Supp. A.R. p. 891.

The Matter was decided based upon the documents submitted, and no hearing was held. See Decision, Supp. A.R. p. 780. The Administrative Law Judge took judicial notice of the Stipulated Facts. Decision, Supp. A.R. p. 781, fn. 1. On January 15, 2008, she issued her Decision in favor of Student, ordering District and RCDMH to place A.S. at the National Deaf Academy, a for-profit residential placement. Decision, Supp. A.R. p. 788.

Plaintiff's counsel used appropriate staffing in the prosecution of this case. While DRLC and Quinn Emanuel both represented client, Counsel's work was efficient, not duplicative. For example, in the underlying proceeding, Ms. McGunigle was the lead DRLC attorney on the case, while minimal time was spent by other DRLC attorneys during the due process phase. In addition, only one Quinn Emanuel attorney was assigned to the due process case at any given time. Mr. Craig worked on the case at its inception with Ms. McGunigle. Only when Mr. Craig had to stop working on the case due to prior obligations did Ms. Garcia become involved. McGunigle Decl. ¶ 21; Parks Decl. ¶ 9；Craig Decl. ¶ 5.

Similarly, Plaintiff's counsel used appropriate staffing in the consolidated federal appeals. For example, again, the majority of DRLC's time is billed by Heather McGunigle, with litigation Director Shawna L. Parks acting as lead

counsel and supervisor. McGunigle Decl. ¶   ; Parks Decl. ¶ 10. Additionally, as in the due process case, only one attorney from Quinn Emanuel was assigned to the consolidated federal appeals at any given time. McGunigle Decl. ¶   ; Parks Decl. ¶ 10.

Federal cases have recognized that "lawyers often hire other lawyers to help them with specific issues in the case." *Bouman v. Block*, 940 F.2d 1211, 1236 (9th Cir. 1991). The Court will deny fees because they are duplicative "only if the attorneys are unreasonably doing the same work." *Johnson v. University College*, 706 F.2d 1205, 1208 (11th Cir. 1983); *see also, U.S. v. City and County of San Francisco*, 748 F.Supp. 1416, 1421 (N.D. Cal. 1990), aff'd in relevant part sub nom *Davis v. City and County of San Francisco*, 976 F.2d 1536, 1544 (9th Cir. 1992).

In order to justify a reduction in the lodestar based upon excessive time, Defendants must show that "the time claimed if obviously and convincingly excessive." *Perkins v. Mobile Housing Board*, 847 F.2d 735 (11th Cir. 1988). Based upon Plaintiff's counsel's experience with Defendants prior to the hearing, it was apparent that the due process case would be hard fought. This in combination with the current low success rate of parents in California due process hearings, and the complexity of issue involved, led DRLC to procure co-counsel in order to protect the interests of our client.[4]

The law firm of Quinn Emanuel has extensive trial expertise, while DRLC has extensive experience and subject matter expertise in the area of disability rights and special education. This partnership allowed counsel to provide effective representation on a procedural and substantive level. The billing records show that the partnership was not duplicative, but rather an efficient division of labor and

---

[4] In California, parents prevail at the due process hearings less then ten percent of the time. *See* Daniel Golden, "Schools Beat back Demands for Special Ed Services." Wall Street Journal, July 24, 2007 (noting that in 2005-2006, parents won only 11 of 119 due process decisions that year). Thus, Defendant's victory at the administrative level is truly significant.

leveraging of resources. See McGunigle Decl. ¶ 19, Exhibits E-H; Craig Decl., Exh. A.

The public interest/private firm partnership of Quinn Emanuel and DRLC has previously been found to utilize reasonable billing rates and to expend reasonable hours on matters on which the two firms collaborate. *Pulido v. Rialto Unified School District* involved an award of attorneys' fees to DRLC and Quinn Emanuel after the two firms prevailed at a due process hearing before the state agency. *See* Order entered May 11, 2008, C.D. Cal. Case No. EDCV 07-0506 VAP (attached as Exhibit B to the Craig Declaration). The court in *Pulido* specifically found that both firms efficiently used their time to prepare for the hearing as well as in bringing an action for attorneys' fees. The court in *Pulido* also held that it was reasonable to have multiple attorneys, from both DRLC and Quinn Emanuel, represent the plaintiff in the due process hearing. *See* Craig Decl., Exh. B at 15-16 (specifically rejecting contention that only a sole attorney should have attended the administrative hearing).

In that case, the student sought a total of $99,283.37 in fees and costs for both the underlying due process action and the fees suit in the district court. The court awarded $85,905.50 in fees. These numbers only slightly lower than those at issue here because, among other reasons, Quinn Emanuel was retained on the eve of the hearing before the administrative hearing. Additionally, unlike the present action, the school district in *Pulido* did not needlessly expand the litigation by filing a merits appeal.

### ii. Plaintiff's Counsel Has Provided Detailed Documentation Of Fees.

Plaintiff's counsel has provided detailed documentation of fees. See Exhibits E-H of McGunigle Decl.; Craig Decl., Exhibit A. The time records of Plaintiff's counsel are more than accurate to meet the documentation requirements set forth

by the Supreme Court and the Ninth Circuit. *See Hensley v. Eckerhart*, 461 U.S. at 437 n.12, ("Plaintiff's counsel, or course, is not required to record in great detail how each minute of his time was expended. But at least counsel should identify the general subject matter of his time expenditures."); and *Dennis v. Chang*, 611 F.2d 1302, 1309 (9th Cir. 1980) (finding chronological and detailed time records with no dates sufficient). Plaintiff's counsels' records exceed this standard in that they provide detailed descriptions of the work conducted. See Exhibits E-H of McGunigle Decl.; Craig Decl., Exhibit A. Additionally, the declarations and supporting documentation submitted herewith constitute evidence of exactly the type that courts have relied on in numerous fees decisions. *See, e.g., Perkins v. Mobile Housing Board*, 847 F.2d 735, 738 (11th Cir. 1988) ("[S]worn testimony that, in fact, it took the time claimed is evidence of considerable weight on the issue of the time required in the usual case...").

### b.  The Hourly Rates Claimed Are Reasonable and Comparable to Other Local Attorneys' Rates

The United States Supreme Court has clearly held that fee awards to public interest attorneys who do not charge their clients (such as Defendant's counsel) must be based on the prevailing billing rates of attorneys in private practice with similar skills and experience. *See Blum v. Stenson*, 465 U.S. 886, 895 (1984) (legislative history of civil rights statutes requires that hourly rates for public interest attorneys equal prevailing private market rates).

Plaintiff's counsel request compensation for the work in this case at their regular hourly rates. McGunigle Decl. ¶ 29; Craig Decl. ¶ 8. These rates are reasonable as measured by the rates charged by attorneys of comparable experience and skill in Southern California.

As the itemized bill shows, counsels' rates are in line with those of attorneys with similar experience and length of practice. As an initial matter, the majority of the hours sought from the due process proceeding and the consolidated federal

1   appeals are submitted by Heather McGunigle at an hourly rate of $375.00. This
2   rate is well within the going rate in the community.

3       Plaintiff has provided representative declarations of attorneys which
4   establish that rates for Plaintiff's counsel are within the prevailing hourly rates. *See*
5   Declarations of Barrett S. Litt and Laurence W. Paradis. In addition, DRLC's
6   earlier rates have been approved on . *See*, *e.g. Pulido v. Rialto Unified School*
7   *District*. Attorneys in Southern California do not alter their rates depending on in
8   which division of the Central District their case resides, and have had their
9   standard rates charged for work performed in Los Angeles approved in the Eastern
10  Division of the Central District. *See* Litt Decl. ¶ Thus, rates charged in the
11  Southern California area are the applicable market rates.

12      Even if the Inland Empire were to have a different or lower rate structure
13  than other parts of Southern California, such a rate structure is not appropriate in
14  this matter. Rates, other than those of the forum, may be employed if local counsel
15  was unavailable, either because they are unwilling or unable to perform because
16  they lack the degree of experience, expertise, or specialization required to handle
17  properly the case. *See, e.g., McDonald v. Armontrout*, 860 F.2d 1456, 1459-60 (8th
18  Cir. 1988); *Polk v. New York State Dept. of Correctional Servs.*, 722 F.2d 23, 25
19  (2nd Cir. 1983); *Louisville Black Officers Org., Inc. v. Louisville,* 700 F.2d 268,
20  278 (6th Cir. 1983); *Chrapliwy v. Uniroyal, Inc.,* 670 F.2d 760, 768-69 (7th Cir.
21  1982), *cert. denied,*461 U.S. 956, 103 S. Ct. 2428, 77 L.Ed.2d 1315 (1983); *see*
22  *also National Wildlife Federation v. Hanson,* 859 F.2d 313, 317-18 (4th Cir.
23  1988); *Maceira v. Pagan,* 698 F.2d 38, 40 (1st Cir. 1983).

24      Here, there are few or no practitioners willing to represent low-income
25  children in special education proceedings in the Inland Empire. Van Doren Decl.¶
26  ¶ 4, 9. Thus, Plaintiff's counsel is entitled to fees for the effective representation
27  counsel provided to Plaintiff even if those fees are normally charged in the Los
28  Angeles community.

As set forth below and in the supporting declarations submitted herewith, Plaintiff's counsel's rates are reasonable and well-justified.

### i. Heather McGunigle

Ms. McGunigle is the Director of the DRLC's Inland Empire Program. Her rate is $375 per hour. Ms. McGunigle has been substantially involved in this case at all phases. McGunigle Decl. ¶¶ 11-12.

Ms. McGunigle is a 2004[5] graduate of Loyola Law School. Prior to joining the DRLC, Ms. McGunigle participated in externships in DRLC's Civil Rights Litigation Program and Education Advocacy project. In addition, she externed at the Inner City Law Center, the Legal Aid Foundation of Los Angeles' Eviction Defense Center, the Equal Employment Opportunity Commission, and the Barrister's Pro Bono Domestic Violence Project. She is a 2005 recipient of Loyola Law School's Post Graduate Public Interest Fellowship.. Ms. McGunigle has represented numerous children in special education matters in both Riverside and San Bernardino County. McGunigle Decl. ¶ 11, Exh. A.

Upon joining DRLC, Ms. McGunigle opened DRLC's Inland Empire satellite office, where she has participated in impact litigation and special education advocacy. Ms. McGunigle is an adjunct Professor of Law at University of La Verne, College of Law, where she teaches disability rights law. Ms. McGunigle also conducts special education trainings for parents in the Inland Empire, and developed a services Matrix in conjunction with the Inland Empire Health Plan to clarify interagency responsibilities to children with disabilities. McGunigle Decl. at Exh. A.

### ii. Shawna Parks

Shawna Parks is the Director of the Civil Rights Litigation Program at the Disability Rights Legal Center. Her rate is $525 per hour. As the DRLC's director

---

[5] Ms. McGunigle graduated from Law School in December 2004. Therefore, she is effectively a 2005 law school graduate.

of litigation, Ms. Parks transitioned on to this case when it reached the federal level. Parks Decl. 10.¶

Ms. Parks has worked extensively on high-impact cases affecting the rights of people with disabilities. These include cases regarding the rights of children with disabilities in the foster care and juvenile justice systems, the rights of people with disabilities in the criminal justice system, as well as a wide variety of cases addressing physical and communication access at private and public entities. Parks Decl. ¶ 3.

Ms. Parks is a 1999 graduate of Boalt Hall School of Law at U.C. Berkeley where she was a Notes & Comments Editor of the *California Law Review* and a member of the Task Force on Public Interest Law. Upon graduation from law school, Ms. Parks was a Fulbright Fellow in Budapest, Hungary, where she focused on the implementation of Hungary's disability rights legislation. Prior to joining DRLC Ms. Parks was an Equal Justice Works / Cotchett-Furth Fellow and Staff Attorney at Disability Rights Advocates in Oakland, California, and an associate at the civil rights law firm of Schonbrun DeSimone Seplow Harris & Hoffman, where she focused on cases addressing race and gender discrimination. Parks Decl. ¶¶ 2, 5, Exh. A.

Ms. Parks is an Adjunct Professor at Loyola Law School where she teaches Disability Rights and Special Education Law, supervises the DRLC's litigation externship program, and teaches the accompany disability rights and litigation seminar. Parks Decl. ¶ 6.

Ms. Parks supervised this case once it was in federal court on appeal. Ms. Parks' resume is attached to her declaration as Exhibit A, filed concurrently herewith.

### iii. Maronel Barajas

Ms. Barajas is a 2003 graduate of Columbia Law School. Her current billing rate is $224 per hour. She is the former Director of DRLC's Education Advocacy

Project. Ms. Barajas was involved in this case at the due process level, and transitioned off of the case when it reached the federal level. McGunigle Decl. ¶ 14. Ms. Barajas' resume is attached as Exhibit B of the Declaration of Heather McGunigle.

### iv.  Kristelia Garcia

Kristelia Garcia is a 2003 graduate of Yale Law School, and former associate at Quinn Emanuel. Her most recent billing rate was $550 per hour. Ms. Garcia was actively involved in this case at both the due process and federal levels. Craig Decl. ¶ 6. Ms. Garcia is now the Director of Business Development at Myspace Music. Her professional information is attached to the Declaration of Heather McGunigle as Exhibit D. See also McGunigle Decl., ¶ 22.

### v.  Aaron Craig

Aaron Craig is a 1999 graduate of Yale Law School, and an of counsel at Quinn Emanuel. He has extensive litigation experience, and is an expert on intellectual property litigation, representing multinational corporations. Mr. Craig has also participated in significant antitrust and cost accounting litigation.  Mr. Craig has practiced before the International Trade Commission in Washington D.C., in addition to federal and state courts throughout California. Craig Decl. Mr. Craig's current billing rate is $590 per hour. Mr. Craig's professional information is attached to the Declaration of Heather McGunigle as Exhibit C, filed concurrently herewith. See also McGunigle Decl., ¶¶ 19-21.

### c.  In the Exercise of Billing Judgment, Plaintiff's Counsel Has Discounted its Lodestar Total

In the exercise of billing judgment and to take account of any duplication or inefficiencies, DRLC has substantially reduced its total hours. Plaintiff's counsel has deleted the time of DRLC attorneys Zaheva Stevens and Anna Rivera, both of whom worked on the case. Likewise, Quinn Emanuel has deleted the time of Timothy Alger and Rory S. Miller, each of whom spent time on the case. Plaintiff

deducted this time to account for any inefficiency or duplication in staffing. McGunigle Decl. ¶ 24; Parks Decl. ¶ 11.

Further, because Plaintiff has settled with the District, Plaintiff has deducted all time in their billing that is exclusively attributable to District. See McGunigle Decl ¶ 25; See, also Exhibit E of McGunigle Decl. and Exhibit A of Craig Decl. [6] After all of the above mentioned deductions, Plaintiff's counsel then divided the total bill in half to account for their settlement with the District.

This approach actually underestimates RCDMH's liability for fees in this matter. Some of the entries that were divided in half are related attributable only to RCDMH and not the District. However, for ease of calculation, and to account for any remaining inefficiencies, Plaintiff has opted to simply divide all remaining hours in half. McGunigle Decl. ¶ 26; Exhibits F-G to McGunigle Decl.

Plaintiff's original bill totaled $224,768.28. Plaintiff's counsel has discounted its lodestar total by more than 50 percent, to a total of $104,852.60. Table summaries detailing this reduction are attached to Declaration of Heather McGunigle as Exhibits F and G.

## VIII.  <u>This Fee Award Should Include Fees for Time Spent in Federal Court.</u>

Plaintiff is entitled to recover her fees and costs incurred in litigating the fee issue. *See Bernardi v. Yeutter*, 951 F.2d 971, 975 (9th Cir. 1991) (holding that denial of fees-on-fees issue is reversible error); *see also Clark v. City of Los Angeles*, 803 F.2d 987, 992 (9th Cir. 1986). Plaintiff has been required to file a separate action in federal court to recover her attorneys' fees, and has been required to, among other things, appear for a Mandatory Settlement Conference, in addition to filing this motion. Through July 16. 2009, Plaintiff's counsel have generated fees of $5,850.00 while preparing this motion. Counsel has submitted

---

[6] Deducted entries on the billing records are represented by a black horizontal line to the right of each deducted entry. See Exh. E of McGunigle Decl. and Exh. A of Craig Decl.

billing records for this work performed at the federal court level. McGunigle Decl. Exhibit H his amount will be updated on Reply to include final work to prepare this motion as well as work through the Reply.

## IX.  Conclusion

DRLC charges no fees to its clients, and has brought many landmark disability rights cases as well as cases, such as the one at issue here, addressing the critical needs of low-income children with disabilities. These precedent-setting cases, and the many other actions undertaken by DRLC, are risky, lengthy, and expensive enterprises. It is essential that DRLC be fully compensated where, as here, Plaintiff has prevailed in an important civil right and is entitled to recover attorneys' fees and costs as a matter of law.

For the foregoing reasons, Plaintiff respectfully requests that this Court find that the fees charged and the hours spent ensuring A.S's right to a free and appropriate public education, which were denied by the RCDMH and only secured following years of litigation before the state administrative agency and this Court, are reasonable, and award $104,852.60 in attorneys' fees.

Respectfully submitted,

Dated: July 17, 2009                    DISABILITY RIGHTS LEGAL CENTER
                                        Paula. D. Pearlman
                                        Shawna L. Parks
                                        Heather McGunigle


                                        /s/  Heather McGunigle
                                        By: Heather McGunigle