1 | RONALD O. KAYE (No.145051)
2 | E-mail: rok@kmbllaw.com
  | BARRETT S. LITT (SBN 45527)
3 | DAVID S. McLANE (No. 124952)
4 | KEVIN LaHUE (No. 237556)
  | KAYE, McLANE, BEDNARSKI & LITT, LLP
5 | 234 East Colorado Boulevard, Suite 230
6 | Pasadena California 91101
  | Telephone: (626) 844-7660
7 | Facsimile: (626) 844-7670
8 |
9 | JAMES S. MULLER (No. 126071)
  | E-mail: jamesmullerlaw@att.net
10 | LAW OFFICES OF JAMES S. MULLER
11 | 225 East Broadway, Suite 107F
   | Glendale, California 91205
12 | Telephone: (818) 536-7922
13 | Fax: (818) 536-7499

14 | Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| HERIBERTO RODRIGUEZ, et al., | Case No. CV 10-6342 CBM (AJWx) |
| Plaintiffs, | **DECLARATION OF PAUL L. HOFFMAN IN SUPPORT OF PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS' FEES** |
| vs. | |
| COUNTY OF LOS ANGELES, et al. | Date:    June 16, 2014<br>Time:    TBD<br>Ctrm:    2 (Spring St.) |
| Defendants. | |

## DECLARATION OF PAUL L. HOFFMAN

I, Paul L. Hoffman, declare as follows:

1. I am an attorney duly licensed to practice in the State of California and in the United States District Court for the Central District of California. I have personal knowledge of the within stated facts and if called upon as a witness I could and would testify competently thereto under oath.

2. I have practice in Los Angeles since my graduation from NYU Law School in 1976. From 1976 to 1981 I was an associate at the law firm of Loeb and Loeb. From 1981 to 1984 I was an Associate Professor of Law at Southwestern University School of Law. One of the courses I taught at Southwestern was Civil Right Litigation. From 1984 to 1994 I was the Legal Director of the ACLU Foundation of Southern California. In that capacity I litigated dozens if not hundreds of civil rights cases and I supervised a team of approximately ten lawyers all of whom litigated civil rights cases. During that time I also continued to teach courses on Civil Rights Litigation at various law schools, including USC and Loyola Law Schools. Since 1994 I have been in private practice of law specializing in civil rights cases. I continue to teach Civil Rights Litigation most recently at UC Irvine Law School. In the past 38 years I have become familiar with the rates charged by lawyers in the Los Angeles community and I have used this knowledge to express the opinions below.

3. I have been asked to submit this declaration to attest to the reasonableness of the fee rate requested by James Muller for his work in *Rodriguez v. County of Los Angeles*. Mr. Muller is a very well respected civil rights attorney in this community. He has litigated numerous civil rights cases of all levels of complexity and has done an excellent job for his clients. I believe the Rodriguez case is precisely the kind of complex civil rights litigation the Congress had in

mind in ensuring that lawyers representing civil rights plaintiffs would be paid at levels comparable to private lawyers handling complex cases in private practice.

4. I have known Mr. Muller for more than ten years. We worked together as co-counsel in *Muehler v. Mena*, 544 U.S. 93 (2005), in the United States Supreme Court. Mr. Muller did an outstanding job in trying the *Muehler* case and his contributions led to the affirmance of his judgment on appeal after a remand from the Court. He achieved success in the Mena case even though it was a very challenging case and this success at trial and on appeal was due to Mr. Muller's lawyering.

5. From my communications with other civil rights attorneys in the last few years it is clear that Mr. Muller is extremely well-respected as a lawyer who is very knowledgeable with the skills to handle any civil rights case at a very high standard.

6. For all these reasons I believe that Mr. Muller should be compensated at a high hourly rate in keeping with other lawyers in the community with his years of experience and history of success. In the *Muehler* case the defendants agreed to a rate of $450 an hour in 2006 for Mr. Muller's time as part of the settlement of the fee issue on remand from the Supreme Court after the Ninth Circuit affirmed the judgment on remand. He would be entitled to a substantially higher rate in my opinion eight years later in 2014.

I declare under penalty and perjury that the foregoing is true and correct. Executed this 10th day of March 2014, at Venice, California.

_____
Paul L. Hoffman