Case 2:10-cv-06342-CBM-AJW   Document 649-4   Filed 03/17/14   Page 1 of 6   Page ID #:13159

RONALD O. KAYE (No.145051)
E-mail: rok@kmbllaw.com
BARRETT S. LITT (SBN 45527)
DAVID S. McLANE (No. 124952)
KEVIN LaHUE (No. 237556)
KAYE, McLANE, BEDNARSKI & LITT, LLP
234 East Colorado Boulevard, Suite 230
Pasadena California 91101
Telephone: (626) 844-7660
Facsimile: (626) 844-7670

JAMES S. MULLER (No. 126071)
E-mail: jamesmullerlaw@att.net
LAW OFFICES OF JAMES S. MULLER
225 East Broadway, Suite 107F
Glendale, California 91205
Telephone: (818) 536-7922
Fax: (818) 536-7499

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HERIBERTO RODRIGUEZ, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> COUNTY OF LOS ANGELES, et al. <br><br> Defendants. | Case No. CV 10-6342 CBM (AJWx) <br><br> **DECLARATION R. SAMUEL PAZ IN SUPPORT OF PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS' FEES** <br><br> Date: June 16, 2014 <br> Time: TBD <br> Ctrm: 2 (Spring St.) |

## DECLARATION OF R. SAMUEL PAZ IN SUPPORT OF RONALD KAYE'S MOTION FOR ATTORNEY FEES

I, R. SAMUEL PAZ, do hereby declare as follows:

1. I am an attorney duly licensed and admitted to practice in the State of California and I have been admitted to practice before the U.S. District Court for the Central District, the Ninth Circuit Court of Appeals, the United State Supreme Court and the California courts. I have argued civil rights cases before the U.S. Supreme Court, the Ninth Circuit Court of Appeals and California Court of Appeals. If called upon to testify, I could and would testify competently to the matters set forth below.

2. I have practiced in the field of civil rights litigation for the entirety of my career and I respectfully submit that I have litigated major cases against many of the firms which defend public entities in civil rights litigation. I have served as co-counsel with the ACLU and other civil rights groups in the litigation of important civil rights cases.

3. I am a 1974 graduate of the U.S.C. Law School, and have been practicing in the field of civil rights throughout the California state and federal courts.

4. I was an adjunct professor at the Loyola Law School from 1990 to 1998 teaching classes in civil rights litigation and trial advocacy. I have served as a faculty member of the National Institute for Trial Advocacy for many years. I was also an instructor at the Peoples College of Law from 1976 to 1981 where I taught Torts and Evidence.

5. Since 1989 I have served on the National Board of Directors of the American Civil Liberties Union and was elected as National Vice President from 1996 to 2003.

6. I have written and lectured extensively in the area of civil rights.

7. I have known Mr. Ronald Kaye for approximately 20 years, and followed his work since he went into private practice.

8. I can personally testify to the very high quality of Mr. Kaye's dedication to the concerns of his clients litigation and his litigation skills from having worked as co-counsel in two cases with Mr. Kaye: *S.C. v. Finley*, CV 09-3956 GHK(Ex) which resulted in $2.25 million settlement in November 2011, involving a difficult factual situation at Ventura Youth Correctional Facility for a 16 year old who suffered significant brain damage; and *Lucero v. Nguyen*, CV 09-02151 GAF(AGRx) which resulted in a $585,000 settlement involving deliberate indifference to a state prisoner who suffered from glaucoma causing his blind eye to burst.

9. My practice over the years has focused on the representation of plaintiffs in civil rights cases, including many cases involving allegations of misconduct against deputies of the Los Angeles County Sheriff's Department working at County jail facilities. I have been successful in the following matters:

- *Aquino v. County of Los Angeles*, C.D. Cal. CASE NO. CV 06-1518 deliberate indifference to suicidal detainee by deputies causing death;
- *Castaneda v. Los Angeles County Sheriff's Department*, Los Angeles Sup. Ct. BC 128258 deliberate indifference to suicidal detainee by deputies causing death;
- *Gavira v. County of Los Angeles*, Los Angeles Sup. Ct. Case No. BC295053 the death of Ramon Gavira by strangulation and beatings by deputies;
- *Craig v. L.A. Sheriff's Department*, CASE NO. C.D. Cal. CV-05-01711 excessive force and deliberate indifference to suicidal detainee by deputies causing death;
- *Ortega v. County of Los Angeles*, C.D. Cal. CASE NO. CV 05-2246 death of a inmate by denial of medical attention and starvation alleging ADA violations;
- *S.D.C v. Sheriff Lee Baca*, CASE NO. CV05-8807 CAS (SSx) c/w *Moye v. Sheriff Lee Baca*, CASE NO. CV06-1569 failure of jail guards to supervise allowing an inmate-on-inmate beating causing death; and,
- *McNamara v. County of Los Angeles*, Los Angeles Sup. Ct. Case No. BC 362264

failure of jail guards to supervise allowing an inmate-on-inmate beating causing death;

- *Starr v. Baca*, CV 08-00505 GW (SHx) alleging individual liability against Sheriff Baca for deliberate indifference for failure to supervise subordinates resulting in an inmate attack where plaintiff was stabbed 23 times and kicked in the face by deputies while he was handcuffed;
- *Willis v Vasquez*, CV10-7390 JAK (DTB), verdict finding Sheriff Baca liable for damages and $100,000 in punitive damages for a gratuitous brutal beating by three deputies causing multiple injuries and a broken leg;
- *Najera v. County of Los Angeles*, CV 12-03167 DMG (MRWx), judgment for damages arising from the deliberate indifference to jail security of a young man, a minor when he was arrested, who testified in a criminal proceeding against his co-defendants, resulting in his death by strangulation by gang members affiliated with the co-defendants, triggering an award of attorneys fees at an hourly rate of $775 for myself.

10. I am aware of the enormous amount of time and resources required of plaintiff's counsel in such cases, and I recognize that the risk borne by such attorneys in contingency-fee civil rights matters is significant.

11. I have served as lead counsel and co-counsel in many civil rights cases including the following published matters:

    A.    <u>Martinez v. City of Oxnard</u>, CV98-9313 FMC (AJWx), United States District Court for the Central District of California, 2000 (this case proceeded to the U.S. Supreme Court, <u>Chavez v. Martinez</u>, 538 U.S. 760, 123 S. Ct. 1994, 155 L. Ed. 2d 984 (2003), underlying case 270 F. 3d 852 (9th Cir 2001)] a shooting by police which left the plaintiff blind and paralyzed in which coercive interrogation was upheld as a constitutional violation in *Martinez v City of Oxnard*, 337 F.3d 1091 (9th Cir. 2003).

    B.    <u>Taylor v. L.A. Police Dep't</u>, CV 00-6881, United States District Court for

the Central District of California, 1999 (settlement award of $2.6 million arising from the shooting of Terry Taylor for allegedly pointing a rifle at police officers);

C. Acuna v. Regents of the Univ. Of Cal., 1998 U.S. App. LEXIS 6658 (9th Cir. 1998) (increasing attorney fee award of $875,000 in federal civil rights matter);

D. Von Colln v. County of Ventura, 189 F.R.D. 583 (CD Cal. 1999), (a class action, injunction, preventing the torture of inmates by abuse of a restraint chair and subsequent settlement fee award of $500,000;

E. Leon v. San Diego Sheriff's Department, reported at 115 F. Supp. 2d 1197 (S.D. Cal 2000) a wrongful death where jail deputies deliberately indifferent to providing medical assistance causing Johnny Leon's death by infection, (also reported at 202 F.R.D. 631, 2001 U.S. Dist. LEXIS 13470;

F. Starr v. Baca, 652 F.3d 1202 (9th Cir. Cal., 2011)(cert. denied 2012 U.S. LEXIS 3289, April 30, 2012), pleading individual liability against a supervisor for deliberate indifference for failure to supervise subordinates.

12. I have served as lead counsel and co-counsel in several cases which resulted in verdicts and settlement exceeding $1 Million. I have sought and secured fee awards related to my work in civil rights cases.

13. I am familiar with Ronald Kaye's work, experience and reputation in the Southern California legal community, where he is held in very high regard as an attorney and respected litigator.

14. Based upon my years of litigation experience in this area of law, I can, and do hereby attest that the firm of Kaye, McLane, Bednarski, & Litt is very well-respected plaintiffs' firm in California and that skill and experience level of their attorneys, including Mr. Kaye, is at the same level as that of attorneys at the other major firms. I expect that Mr. Kaye's representation of the plaintiffs in the
4

DECLARATION OF R. SAMUEL PAZ

1 | *Rodriguez* matter before the present honorable court was consistent with my opinion
2 | of Mr. Kaye and his firm.
3 | 15.   Mr. Kaye and his office have a reputation of handling difficult cases such as
4 | the *Rodriguez* case. Mr. Kaye and his firm are sought-after in civil rights matters,
5 | and I have referred civil rights cases to Mr. Kaye's office for handling. Mr. Kaye is
6 | highly regarded as a litigator, and his work is deserving of the hourly rate of $775
7 | per hour that he is requesting. This is especially so in light of the nature of the case
8 | and the nature of the strong defense that I am aware he faced in the matter.
9 | 16.   I understand that the *Rodriguez* matter was undertaken on a
10 | contingency-fee basis by Mr. Kaye and his firm. I also understand and believe that
11 | Mr. Kaye's office invested a substantial amount in costs in this matter, through trial.
12 | This is a significant amount to have risked, and is consistent with nature of the risk
13 | that is borne by plaintiffs' attorneys handling such matters. While I recognize that
14 | the rate to be awarded by this Court is not based on risk, the existence of the risk
15 | highlights the importance of counsel being awarded rates based on rates for complex
16 | litigation in federal court in the class action and commercial arena, as well as the
17 | civil rights arena. I believe that Mr. Kaye's request is consistent with that analysis.
18 |    I declare under the penalty of perjury under the laws of the State of
19 | California, that the foregoing is true and correct. Executed this <u>26</u> day of February,
20 | 2014 in Culver City, California.

_____
R. Samuel Paz