Ronald O. Kaye, SBN 145051
Email: rok@kmbllp.com
Barrett S. Litt, SBN 45527
David S. Mclane, SBN 124952
Kevin LaHue, SBN 237556
Caitlin Weisberg, SBN 262779
KAYE, MCLANE, BEDNARSKI & LITT, LLP
234 East Colorado Boulevard, Suite 230
Los Angeles, California 91101
Telephone: (626) 844-7660
Facsimile: (626) 844-7670

JAMES S. MULLER, SBN 126071
E-mail: jamesmullerlaw@att.net
LAW OFFICES OF JAMES S. MULLER
225 East Broadway, Suite 107F
Glendale, California 91205
Telephone: (818) 536-7922
Fax: (818) 536-7499

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HERIBERTO RODRIGUEZ et al.,<br><br>                    Plaintiffs,<br><br>        vs.<br><br>COUNTY OF LOS ANGELES et al.,<br><br>                    Defendants. | Case No. CV 10-6342 CBM(AJWx)<br><br>[HON. CONSUELO B. MARSHALL]<br><br>PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR AWARD OF ATTORNEYS' FEES FOR MARCH 1, 2014 THROUGH JUNE 16, 2014; DECLARATION; EXHIBITS; [PROPOSED] ORDER.<br><br>Date:          March 17, 2015<br>Time:          10:00 a.m.<br>Courtroom:   2 |

TO THE COURT, DEFENDANTS, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on Tuesday, March 17, 2015 at 10:00 a.m., or as soon thereafter as the matter may be heard, Plaintiffs, by and through counsel of record, will and hereby do move for an order awarding attorneys' fees for work performed from March 1, 2014 through June 16, 2014 under 42 U.S.C. §1988 (the Civil Rights Act), as limited by the Prison Litigation Reform Act ("PLRA"), and under California Civil Code §52.1(h) (Bane Act). By Order dated January 22, 2015 (Dkt. No. 725), the Court granted leave for Plaintiffs to file this motion.

Pursuant to Local Rule 7-3, counsel for Plaintiffs conferred with counsel for Defendants on January 30, 2014 and February 2, 2015 regarding the subject matter of this motion. Defendants do not consent to the relief requested in this motion.

Plaintiffs' motion is based on the attached Memorandum of Points and Authorities, the accompanying Declaration and Exhibits, and all pleadings, records and papers on file in this action, and such other evidence and argument as may be presented on behalf of Plaintiffs at the hearing on this motion.

DATED: February 17, 2015          Respectfully submitted,

**KAYE, McLANE, BEDNARSKI & LITT, LLP**
**LAW OFFICES OF JAMES S. MULLER**

_____*/s/ Barrett S. Litt*_____
By: Barrett S. Litt

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

**I.   INTRODUCTION**

In this motion, Plaintiffs, who prevailed at trial on their state and federal civil rights claims, seek an award of attorney's fees and costs for the March 1, 2014 through June 16, 2014 time period. The Court has previously granted fees for work performed by Plaintiffs through February 28, 2014, deciding issues relating to entitlement, apportionment, rates and the state law multiplier. The purpose of this motion is to address "what services were rendered from March 1, 2014 to June 16, 2014 and whether the hours spent and tasks conducted were reasonable and are compensable," per the Court's Order granting leave for the motion. (Dkt. No. 725.)

As was true for the original fee motion, the fees requested by Plaintiffs' counsel for litigating this case are reasonable and well earned. The Court's previous conclusion that the excellent results obtained in this litigation, counsel's skill and experience, the difficulties and complexities of this case, the enormous risk taken on by Plaintiffs' counsel, and the aggressive litigation tactics employed by Defendants justified a full award applies equally to this follow-up motion.

**II.   BACKGROUND & PROCEDURAL HISTORY**

Following an October 2013 jury trial, judgment was entered on February 5, 2014 in favor of Plaintiffs against nineteen Defendants including the County of Los Angeles. (*See* Dkt. No. 626.) On March 17, 2014, Plaintiffs filed a motion for an award of attorneys' fees and costs. (*See* Dkt. Nos. 644, 668.) The motion included billing records for work performed on this case through February 28, 2014 and requested fees for that work pursuant to California Civil Code § 52.1(h) and 42 U.S.C. § 1988, the relevant attorneys' fee statutes. (Dkt. No. 668 at 1, 10-14.)  In later filings relating to the fee motion, Plaintiffs submitted billing records for work performed from March 1, 2014 through June 30, 2014.

On December 26, 2014, the Court granted Plaintiffs' motion for attorneys' fees, awarding fees for work performed through February 28, 2014 ("Fee Order").

(Dkt. Nos. 719-720.) The Fee Order did not address fees for hours worked during the March 1, 2014 to June 30, 2014 period, which included work on the fee motion and on opposing Defendants' post judgment motions. By Order dated January 22, 2015 (Dkt. No. 725), the Court granted Plaintiffs' request for leave to file a supplemental fee motion, subject to certain requirements and limitations:

> Any motion shall be limited to arguing what services were rendered from March 1, 2014 to June 16, 2014 and whether the hours spent and tasks conducted were reasonable and are compensable. Any motion shall use the reasonable rates established by the Court's earlier [Fee] Order . . . . Fees will not be awarded for duplicative or unnecessary work and will not be awarded for services rendered preparing any documents filed after June 16, 2014.

In the meet and confer letter for this motion, Plaintiffs offered to reduce the fee request by 10% total (the previous 3% plus an additional 7% of the total hours) in exchange for a stipulation that would curtail further fee litigation. *See* Fourth Weisberg Declaration (filed herewith) ("4WD") ¶ 2 & Ex. X. Defendants did not agree to the 10% compromise, nor was any other agreement reached. *Id*. ¶ 3.

## III.   FEE REQUEST, SERVICES & HOURS

During the March through June period, counsel performed these services:

- Researched, drafted, and filed oppositions to four separate post-trial motions filed by Defendants. (*See* Dkt. Nos. 653-661.)

- Researched, drafted, and filed Plaintiffs' motion for attorneys' fees and costs as well as reviewed, drafted, and prepared extensive evidence filed in support of the motion.  (*See* Dkt. Nos. 644-652, 668-669.)

- Reviewed Defendants' extensive opposition to Plaintiffs' motion for attorneys' fees and costs and strategized Plaintiffs' reply thereto. (*See* Dkt. Nos. 678-680.); Researched, drafted, and filed Plaintiffs' reply to Defendants' fee motion opposition and related documents (*See* Dkt. Nos. 687-692, 702.)

In addition to the filings described above, for which the majority of the requested hours were worked, Plaintiffs' counsel consulted with their clients on

post-trial issues, communicated with opposing counsel, strategized settlement options, and conducted other miscellaneous work.

For the services rendered during the March through June period, Plaintiffs request $507,551.06 in attorneys' fees for 548.3 hours worked. 4WD ¶ 8 & Exs. A3, B3. Plaintiffs have reviewed the billing records for this period on two separate occasions, resulting in the exclusion of more than 90 hours worked, including the same 3% across the board reduction that was applied to the 2014 fee request. (4WD ¶¶ 5-7.) The fee request uses the same billing rates, apportionment methodology, and multiplier[1] that were approved by the Court in the Fee Order.

| § 52.1(h) Fees (March 1, 2014 – June 16, 2014) | | | | | |
|---|---|---|---|---|---|
| **Atty/Biller** | **Yrs (Grad)** | **Rate** | **Merits Hours** | **Fee/Cost Hours** | **Total** |
| Barry Litt | 45 (1969) | $975 | 0.2 | 74.7 | $73,027.50 |
| Ronald Kaye | 26 (1988) | $775 | 8.6 | 33.2 | $32,395.00 |
| David McLane | 28 (1986) | $775 | 0.0 | 3.9 | $3,022.50 |
| James Muller | 28 (1986) | $700 | 26.7 | 12.7 | $27,580.00 |
| Kevin LaHue | 10 (2004) | $600 | 18.3 | 1.6 | $11,940.00 |
| Caitlin Weisberg | 6 (2008) | $500 | 2.7 | 177.7 | $90,200.00 |
| Julia White | Sr. Paralegal | $295 | 1.4 | 26.4 | $8,201.00 |
| Lisa Mikhailova | Paralegal | $175 | 1.3 | 0.2 | $262.50 |
| **SUBTOTAL:** | | | 59.2 | 330.4 | $246,628.50 |
| **SUBTOTAL AFTER 3% REDUCTION:** | | | | | $239,229.65 |
| **SUBTOTAL WITH 2.0 MULTIPLIER (merits only):** | | | | | $276,594.54 |
| **TOTAL WITH 2.0 MULTIPLIER:** | | | | | $478,459.30 |

---

[1] During the meet and confer, Defendants objected to the use of the multiplier (4WD ¶ 3(c)), a subject which is not addressed in this motion because Plaintiffs understand the January 22, 2015 Order to have excluded briefing on that issue. For the reasons stated in Plaintiffs' 2014 motion and reply (Dkt. No. 668 at 22-27; Dkt. No. 702 at 10-12), and those stated in the Fee Order (Dkt. 720-1 at 19-20), Plaintiffs request the previously applied multiplier and contend that it is justified and appropriate in the context of this case.

| § 1988 / PLRA Fees (March 1, 2014 – June 16, 2014) | | | | | |
|---|---|---|---|---|---|
| **Atty/Biller** | **Yrs (Grad)** | **Rate** | **Merits Hours** | **Fee/Cost Hours** | **Total** |
| Barry Litt | 45 (1969) | $189 | 0.4 | 21.1 | $4,063.50 |
| Ronald Kaye | 26 (1988) | $189 | 24.7 | 9.3 | $6,426.00 |
| David McLane | 28 (1986) | $189 | 0.0 | 1.1 | $207.90 |
| James Muller | 28 (1986) | $189 | 3.7 | 3.6 | $1,379.70 |
| Kevin LaHue | 10 (2004) | $189 | 33.7 | 0.4 | $6,444.90 |
| Caitlin Weisberg | 6 (2008) | $189 | 0.3 | 50.1 | $9,525.60 |
| Julia White | Sr. Paralegal | $189 | 2.6 | 7.5 | $1,908.90 |
| Lisa Mikhailova | Paralegal | $175 | 0.1 | 0.1 | $35.00 |
| **SUBTOTAL:** | | | 65.5 | 93.2 | $29,991.50 |
| **TOTAL AFTER 3% REDUCTION:** | | | | | $29,091.76 |

## IV.   ARGUMENT

As prevailing parties with excellent results, Plaintiffs are entitled to "fully compensatory" lodestar fees, including on fee litigation hours. *See* Fee Order at 4:16-5:10, 18:21-18:27; *City of Riverside v. Rivera*, 477 U.S. 561, 569 (1986); *Serrano v. Unruh*, 32 Cal. 3d 621, 637-39 (1982). Defendants have not asserted that any of the work performed by Plaintiffs is non-compensable as a matter of law. (4WD ¶ 3(a).) Thus, the only issue is the reasonableness of Plaintiffs' hours.

Hours are reasonable if "at the time rendered, [they] would have been undertaken by a reasonable and prudent lawyer . . . ." *Moore v. James H. Matthews & Co.*, 682 F.2d 830, 839 (9th Cir. 1982); *see Ramon v. County of Santa Clara*, 173 Cal. App. 4th 915, 925 (2009) (same). Work is not unreasonable merely because it is time-consuming or duplicative; rather, there must be a specific reason that it was unnecessary or excessive. *See, e.g.*, *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112-13 (9th Cir. 2008) (distinguishing duplicative work that is "an inherent part" of litigation from "*unnecessarily* duplicative work"; reversing trial court's significant percentage reductions for fee award that seemed "too high").

For both merits and fee litigation, the reasonableness of hours must be assessed with reference to defense litigation tactics. "A defendant 'cannot litigate

tenaciously and then be heard to complain about the time necessarily spent by the plaintiff in response.'" *Peak-Las Positas Partners v. Bollag*, 172 Cal. App. 4th 101, 114 (2009) (internal citations omitted); *see also Graham v. Daimler Chrysler Corp.*, 34 Cal. 4th 553, 580, 583 (2004) ("The [private attorney general] doctrine will often be frustrated, sometimes nullified, if awards are diluted or dissipated by lengthy, uncompensated proceedings to fix or defend a rightful fee claim.").

"By and large, the [district] court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case." Fee Order at 16:27-17:7 (quoting *Chaudhry v. City of Los Angeles*, 751 F.3d 1096, 1111 (9th Cir. 2014)). In this respect, the time records submitted by counsel are *prima facie* evidence that counsels' hours were reasonable. *See* Fee Order at 17:2-6 (citing *Horsford v. Bd. of Trustees of CSU*, 132 Cal. App. 4th 359, 396 (2005)).

Plaintiffs' work during the relevant period was predominantly devoted to opposing post-trial motions and to fee litigation. Plaintiffs had every reason to believe that Defendants would continue to aggressively litigate the case, put Plaintiffs' counsel under the microscope for their work vindicating Plaintiffs' rights, and appeal all adverse decisions. This proved to be true, as Defendants filed four separate post-trial motions and contested almost every aspect of Plaintiffs' fee request. Plaintiffs prevailed on these motions and may not have, or may have been less successful, if they had not carefully and thoroughly presented Plaintiffs' evidence and arguments. Defendants have appealed each ruling.

When Plaintiffs requested, during the meet and confer for this motion, that Defendants identify hours claimed to be unreasonable, the only hours contested by the defense were the hours spent reducing the length of Plaintiffs' fee reply, which was initially 35 pages (Dkt. No. 687) and subsequently refiled at 15 pages (Dkt. No. 702). (4WD ¶ 3(b).) In essence, Defendants assert that the length of Plaintiffs' initial reply was patently unreasonable, and therefore the time spent editing down the reply was unreasonable.  Plaintiffs disagree.

In the Opposition and supporting documents, Defendants raised twelve major arguments as well as numerous discrete sub-arguments and objections. (Dkt. No. 678-680.) The Opposition put most of Plaintiffs' fees at stake, challenging Plaintiffs' success, entitlement to state fees, apportionment of hours, rates, hours, and many other matters. It raised complex legal issues, *e.g.*, preemption and *Erie* doctrine, as well as time-consuming factual contentions regarding billing records and work.  All told, Defendants' Opposition sought to reduce Plaintiffs' requested fee award by more than 80%. (*Compare* Defs' Opp. at 34:7 (award should be $982,206.44 "at most"), *with* Fee Order at 23:22-28 (awarding 98% of the $5,462,653.76 fee request).) With so much at stake, it was necessary to comprehensively research, evaluate, and address each of Defendants' arguments.

Even if an ultimate filing will be shorter, it is reasonable to set out the argument for each issue in full, with appropriate case quotes and summaries, in order to determine how to eliminate text without eliminating important content or entire issues. Effectively reducing a brief by twenty pages (more than half), and still addressing all the issues, takes a long time. *Cf.* Blaise Pascal, Letter 16 of *Les Lettres Provinciales* (Dec. 4, 1656) ("I would have written a shorter letter, but I did not have the time"). In this case, the editing time was reasonably expended. Nevertheless, to simplify matters, Plaintiffs have voluntarily reduced the fee request by 14 hours in relation to the shorter reply brief. (4WD ¶ 7(b).)

V.   **CONCLUSION**

As Defendants have not identified any other contested hours and because Plaintiffs have already made substantial reductions, Plaintiffs submit that the hours requested are reasonable and respectfully request that the Court grant this motion.

DATED: Feb. 17, 2014        Respectfully submitted,

**KAYE, McLANE, BEDNARSKI & LITT, LLP**
**LAW OFFICES OF JAMES S. MULLER**
_____*/s/ Barrett S. Litt*_____
By: Barrett S. Litt

## FOURTH DECLARATION OF CAITLIN S. WEISBERG

I, Caitlin S. Weisberg, declare as follows:

1.      I am one of the attorneys for Plaintiffs in this matter. I have been heavily involved in the fee litigation and am personally familiar with the course of the merits litigation. I have submitted three previous fee-related declarations: "Weisberg Motion Decl." [Dkt. No. 650], "Weisberg Reply Decl." [Dkt. No. 692], and "Third Weisberg Decl." [Dkt. No. 710]. This "Fourth" declaration continues the exhibit lettering from the earlier ones to avoid confusion of the record.

2.      On January 27, 2015, Plaintiffs sent a meet and confer letter (Exhibit X hereto) outlining the issues presented by the instant motion and proposing a compromise: a 10% reduction of the total fee request (the previous 3% plus an additional 7% of the total) in exchange for a stipulation for the March to June fees.

3.      The parties met and conferred on January 30 and February 2, 2015. Defendants rejected Plaintiffs' proposed compromise and stated their position that the fee issues should be litigated to ensure a complete appellate record. The parties also discussed: (a) *Compensable services*: Defendants agreed that, from a general legal standpoint, work performed on post-trial motions and fee litigation is compensable. (b) *Unreasonable hours*: In the letter and on both days of the conference, Plaintiffs' counsel requested that Defendants identify, based on the previously filed billing records, specific hours or categories of hours that would be challenged as unreasonable. The only hours asserted to be unreasonable during the meet and confer were the hours spent on the reply brief due to its length. No other categories or billing entries were identified as unreasonable. (c) *Multiplier*: Defendants stated their continued objection to the 2.0 multiplier.

4.      Attached hereto as Exhibits A3 and B3 are true and correct billing records reflecting hours worked on this litigation from March 1, 2014 through June 16, 2014. Exhibit A3 contains merits hours; Exhibit B3 contains fee/cost hours. For reference, these are the same billing records that were filed as Exhibits

1   A1 / A2 (Dkt. Nos. 692-1, 710-1) and Exhibits B1 / B2 (Dkt. Nos. 692-2, 710-2).[2]

2        5.     I have reviewed the billing records contained in Exhibits A3 and B3

3   twice, once prior to filing them in 2014 ("2014 review") and again prior to filing

4   them with this motion in 2015 ("2015 review"). In addition, lead counsel on the

5   fee litigation, Barrett Litt, has reviewed the billing records.

6        6.     <u>2014 Review of Billing Records</u>: The purpose of my 2014 review

7   was to allocate hours and to exercise billing judgment. Because this motion is

8   limited to the reasonableness of hours, I do not here address allocation issues.

9        a.     During the 2014 review, I excluded entries based on: (a)

10   erroneous or non-compensable hours; (b) hours with overly vague descriptions;

11   (c) duplicative / unnecessary hours; and/or (d) hours spent by attorneys and

12   paralegals who were not part of the main litigation team. Approximately <u>8.7 hours</u>

13   were removed during this process, prior to the filing of the billing records.

14        b.     My 2014 review of Plaintiffs' billing records revealed

15   omissions that led me to conclude that attorneys exercised billing judgment on the

16   front end by not entering duplicative, unnecessary, or *de minimis* work, especially

17   in relation to time spent reviewing emails or documents. Because these activities

18   were not billed on the front end, they did not have to be removed later on.

19        c.     In addition, Plaintiffs reduced their total fee request by 3% to

20   account for any arguable overlap or duplication. (*See* Litt Motion Decl. ¶ 46 [Dkt.

21   No. 669].) For March to June 16, the 3% reduction is the equivalent of <u>16.4 hours</u>.

22        d.     For the fee litigation, Plaintiffs excluded <u>50+ hours</u> spent by

23   Mr. Litt drafting the Litt Motion Declaration (*see Id.* ¶ 46) and <u>30+ hours</u> that I

24   spent on (belated) PLRA rate issues (*see* Third Weisberg Decl. ¶ 19).

25        7.     <u>2015 Review of Billing Records</u>: My 2015 review was intended to

26

27   [2] The standard billing practices of the firm are described in the Litt Motion Decl. ¶¶ 47-48 [Dkt. No. 669].The allocation of hours between state and federal

28   claims is described in the Weisberg Motion Decl. ¶¶ 6-11 [Dkt. No. 692] and the Litt Motion Decl. ¶¶ 43-44 [Dkt. No. 669].

1   implement the Court's Order and to find additional unreasonable hours, if any.

2         a.      In the January 22, 2015 Order, the Court instructed that fees

3   "will not be awarded for services rendered preparing any documents filed after

4   June 16, 2014." Accordingly, I have removed <u>12.4 hours</u> from Plaintiffs' request

5   (3.6 BSL Hrs; 8.6 CSW Hrs; 0.2 JW Hrs), which are crossed out in Exhibit B3.

6         b.      Defendants have objected to the reply hours, which Plaintiffs

7   believe were reasonable and necessary. Nevertheless, to limit the number of issues

8   before the Court, Plaintiffs are reducing their request by an additional <u>14 hours</u>

9   (1.7 BSL Hrs; 11.2 CSW Hrs; 1.1 JW Hrs), half of the attorney hours spent

10  editing from 35 to 15 pages and all of the paralegal hours spent preparing and

11  filing the shorter reply. The relevant entries are crossed out in Exhibit B3.

12        c.      In addition, Plaintiffs' counsel re-reviewed Exhibits A3 and B3

13  looking for unnecessary or duplicative work.  No such time was located; however,

14  Plaintiffs are voluntarily eliminating an additional <u>11.1 hours</u> in relation to the

15  filing of corrected documents (0.3 BSL Hrs; 1.5 ROK Hrs; 1.8 JSM Hrs; 6.9 CSW

16  Hrs; 0.6 JW Hrs). The relevant entries are crossed out in Exhibit B3.

17        8.      Taking into account the reductions described above, Plaintiffs are

18  requesting fees for 548.3 hours worked from March 1, 2014 through June 16,

19  2014. The hours are set forth in the tables on pages 3-4 of the motion (not

20  reproduced here due to space limitations) and in Exhibits A3 and B3. Applying

21  the billing rates, apportionment methodology, and multiplier that were approved

22  by the Fee Order, Plaintiffs request $507,551.06 in attorneys' fees for this period.

23        9.      Substantial time spent on fee / cost litigation since June 2014 has not

24  been claimed, including the 7.2 hours I spent editing this filing from 16 to 9 pages.

25        I declare under penalty of perjury that the foregoing is true and correct to

26  the best of my knowledge. Executed on February 17, 2014 in Pasadena, CA.

27                      <u>*/s/ Caitlin S. Weisberg*</u>

28                      Caitlin S. Weisberg

*Rodriguez et al. v. County of Los Angeles et al.*, No. 10-6342-CBM(AJWx) (C.D. Cal.)

**Plaintiffs' Attorney and Paralegal Billing Entries**
**MERITS**

| Date | Biller | Rate | Hours | Description | % 1983 Only |
|------|--------|------|-------|-------------|-------------|
| 3/3/2014 | Ronald O. Kaye | $775 | 0.3 | review / analyze CSW research re jurisdiction | 100% |
| 3/4/2014 | Lisa Mikhailova | $175 | 0.3 | Draft/prepare letter to LA County Counsel | 0% |
| 3/6/2014 | James S. Muller | $700 | 2.5 | Review Defs Motions for New trial, previous filings; emails re same | 50% |
| 3/6/2014 | Ronald O. Kaye | $775 | 0.2 | correspondence w/ co-counsel re post trial briefings | 50% |
| 3/6/2014 | Ronald O. Kaye | $775 | 3.3 | review post trial briefings, prior briefings on topics, and emails to co-counsel re same; w/ assignments | 50% |
| 3/7/2014 | Barrett S. Litt | $975 | 0.1 | Communication ROK re jurisdiction issue | 100% |
| 3/7/2014 | Caitlin S. Weisberg | $500 | 0.2 | Conf w/ ROK re jdx issues | 100% |
| 3/7/2014 | James S. Muller | $700 | 0.3 | TC w/ ROK re opposition briefing | 50% |
| 3/7/2014 | Ronald O. Kaye | $775 | 0.3 | conference w/ BSL re jurisdiction issues; comm w/ CSW re same | 100% |
| 3/7/2014 | Ronald O. Kaye | $775 | 0.3 | TC w/ JSM re division of work for post trial motions | 50% |
| 3/7/2014 | Ronald O. Kaye | $775 | 5.3 | Research jdx; draft opposition | 100% |
| 3/9/2014 | Kevin J. LaHue | $600 | 0.5 | conference with ROK re: post trial motions | 67% |
| 3/9/2014 | Kevin J. LaHue | $600 | 3.0 | review all post trial motions | 50% |
| 3/9/2014 | Ronald O. Kaye | $775 | 0.5 | mtg. w/ KJL re post trial motions | 67% |
| 3/9/2014 | Ronald O. Kaye | $775 | 2.3 | draft opp. to mtn for new trial (jdx) | 100% |
| 3/10/2014 | Kevin J. LaHue | $600 | 9.5 | research juror no 5 issue; draft opp re same | 0% |
| 3/10/2014 | Ronald O. Kaye | $775 | 3.5 | draft opposition re motion for new trial - jurisdiction | 100% |
| 3/11/2014 | Barrett S. Litt | $975 | 0.3 | Email exchange re law of the case, reconsideration issues; rvw re same | 50% |
| 3/11/2014 | Kevin J. LaHue | $600 | 1.5 | review jurisdictional motion | 100% |
| 3/11/2014 | Kevin J. LaHue | $600 | 2.0 | edit and revise juror no. 5 opposition | 0% |
| 3/11/2014 | Kevin J. LaHue | $600 | 5.0 | research jurisdictional motion | 100% |
| 3/11/2014 | Ronald O. Kaye | $775 | 3.2 | draft / revise jurisdiction motion Opposition, draft declaration and research exhibits | 100% |
| 3/12/2014 | Kevin J. LaHue | $600 | 2.0 | revise jurisdictional motion | 100% |
| 3/13/2014 | James S. Muller | $700 | 2.5 | Draft/revise R50 opposition | 10% |
| 3/13/2014 | Kevin J. LaHue | $600 | 6.0 | research punitive damages motion | 100% |
| 3/13/2014 | Ronald O. Kaye | $775 | 0.4 | Revise and finalize mtn for new trial (jdx) | 100% |
| 3/13/2014 | Ronald O. Kaye | $775 | 0.5 | Review/revise juror no. 5 opposition re new trial | 0% |
| 3/14/2014 | Caitlin S. Weisberg | $500 | 0.6 | TC w/ JSM re rule 50 motion and emails re same; review re same | 10% |
| 3/14/2014 | James S. Muller | $700 | 3.3 | Draft/revise R50 opp, research, TCs w/ ROK and CSW re same | 10% |
| 3/14/2014 | Julia White | $295 | 1.3 | Revise opposition to new trial, prepare toc, toa | 100% |

Fourth Weisberg Decl. EXHIBIT A3

*Rodriguez et al. v. County of Los Angeles et al.*, No. 10-6342-CBM(AJWx) (C.D. Cal.)

**Plaintiffs' Attorney and Paralegal Billing Entries**
**MERITS**

| Date | Biller | Rate | Hours | Description | % 1983 Only |
|------|--------|------|-------|-------------|-------------|
| 3/14/2014 | Kevin J. LaHue | $600 | 6.0 | Draft punitives damages motion | 100% |
| 3/14/2014 | Ronald O. Kaye | $775 | 0.3 | multiple phone calls w/ JSM re Rule 50(b) opposition | 10% |
| 3/15/2014 | James S. Muller | $700 | 2.5 | Draft/revise opp to R50 mx, research | 10% |
| 3/17/2014 | James S. Muller | $700 | 5.5 | Draft/revise opp to R50 mx | 10% |
| 3/17/2014 | Kevin J. LaHue | $600 | 2.0 | Review/revise punitives motion | 100% |
| 3/18/2014 | James S. Muller | $700 | 6.0 | Draft/revise opp to R50 mx | 10% |
| 3/18/2014 | Julia White | $295 | 0.7 | Prepare toc, toa, exhibits for juror #5 opposition | 0% |
| 3/18/2014 | Julia White | $295 | 2.0 | Prepare oppositions x3, declarations x3, exhibits x15, errata | 67% |
| 3/18/2014 | Kevin J. LaHue | $600 | 3.0 | Draft/revise oppositions | 67% |
| 3/18/2014 | Lisa Mikhailova | $175 | 0.7 | Review, revise R50 opposition | 10% |
| 3/18/2014 | Ronald O. Kaye | $775 | 0.7 | Review, revise Rule 50(b) motion | 10% |
| 3/19/2014 | Kevin J. LaHue | $600 | 1.0 | conference with clients re filings | 0% |
| 3/25/2014 | Kevin J. LaHue | $600 | 3.0 | Review replies to oppositions, analysis re same | 50% |
| 3/25/2014 | Lisa Mikhailova | $175 | 0.2 | Review/respond to Flores' letter | 0% |
| 3/25/2014 | Ronald O. Kaye | $775 | 1.4 | Review all replies from post trial motions | 50% |
| 4/8/2014 | Ronald O. Kaye | $775 | 2.3 | prepare for oral argument on post trial motions | 67% |
| 4/9/2014 | Kevin J. LaHue | $600 | 2.2 | Meeting with ROK re: Motions | 67% |
| 4/9/2014 | Kevin J. LaHue | $600 | 3.1 | Research re: jurisdiction | 100% |
| 4/9/2014 | Ronald O. Kaye | $775 | 2.2 | Preapre for motions hearing w/ KJL | 67% |
| 4/9/2014 | Ronald O. Kaye | $775 | 2.5 | Review cases, review briefing, draft outline for motions hearing. | 67% |
| 4/10/2014 | James S. Muller | $700 | 1.0 | travel to and from hearing on R50 mx | 10% |
| 4/10/2014 | James S. Muller | $700 | 1.5 | Attend hearing on R50 mx | 10% |
| 4/10/2014 | Kevin J. LaHue | $600 | 1.9 | Attend hearing on motions; travel re same | 67% |
| 4/10/2014 | Ronald O. Kaye | $775 | 0.5 | Prepare for hearing on post-trial motions | 67% |
| 4/10/2014 | Ronald O. Kaye | $775 | 1.2 | travel to district court and back to office | 0% |
| 4/10/2014 | Ronald O. Kaye | $775 | 1.6 | Attend hearing re post trial motions | 67% |
| 4/16/2014 | Lisa Mikhailova | $175 | 0.2 | Review/respond to Flores' letter | 0% |
| 4/17/2014 | Kevin J. LaHue | $600 | 0.3 | Conference with client | 0% |
| 5/19/2014 | James S. Muller | $700 | 1.0 | Review Defendant supp auth re 52.1; research; email ROK re same | 0% |
| 5/20/2014 | Caitlin S. Weisberg | $500 | 0.4 | Review defs' supp auth on 52.1; skim Elliot; keycite Shoyoye; emails with JSM re same | 0% |
| 5/20/2014 | James S. Muller | $700 | 0.2 | Emails w/ CW re supp authority re 52.1 | 0% |
| 5/20/2014 | James S. Muller | $700 | 1.1 | Review def. supp memo re 52.1; read Elliot and Chaudhry | 0% |
| 5/22/2014 | Caitlin S. Weisberg | $500 | 1.8 | Review/revise notice of supp auth; research re same; review cases re same | 0% |
| 5/22/2014 | James S. Muller | $700 | 2.5 | Draft supp auth re 52.1; research re new 52.1 cases and Shoyoye | 0% |
| 5/23/2014 | James S. Muller | $700 | 0.3 | Review CW edits to notice of supp authority and email CSW re same | 0% |

Fourth Weisberg Decl. EXHIBIT A3                                              11

*Rodriguez et al. v. County of Los Angeles et al.* , No. 10-6342-CBM(AJWx) (C.D. Cal.)

**Plaintiffs' Attorney and Paralegal Billing Entries**
**MERITS**

| Date | Biller | Rate | Hours | Description | % 1983 Only |
|------|--------|------|-------|-------------|-------------|
| 5/29/2014 | Barrett S. Litt | $975 | 0.2 | Communication w/ ROK re post-trial motions denial order, mediation approach | 50% |
| 5/29/2014 | Ronald O. Kaye | $775 | 0.3 | review order of court re denial of post trial motions; comm w/ BSL re same | 50% |
| 5/30/2014 | James S. Muller | $700 | 0.2 | TC w/ ROK re settlement and court order on post trial motions, etc. | 50% |
| 5/30/2014 | Ronald O. Kaye | $775 | 0.2 | phone call w/ JSM re strategy re settlement; results of court order | 50% |

Fourth Weisberg Decl. EXHIBIT A3                                                              12

*Rodriguez et al. v. County of Los Angeles et al.* , No. 10-6342-CBM(AJWx) (C.D. Cal.)

**Plaintiffs' Attorney and Paralegal Billing Entries**
**FEE MOTION / COSTS**

| Date | Biller | Rate | Hours | Description |
|------|--------|------|-------|-------------|
| 3/1/2014 | Barrett S. Litt | $975 | 0.2 | Draft/revise Email to CW re defense fee, cost issues |
| 3/3/2014 | Julia White | $295 | 0.1 | Comm w/SM re copying records |
| 3/3/2014 | Julia White | $295 | 0.2 | E-mails re defs objections to costs |
| 3/3/2014 | Julia White | $295 | 0.2 | Research Print Audit web site, download manual |
| 3/3/2014 | Ronald O. Kaye | $775 | 0.2 | correspondence w/ JW and bookeeper Sui re responding to objections to costs |
| 3/3/2014 | Julia White | $295 | 0.3 | Prepare declaration re costs |
| 3/3/2014 | Julia White | $295 | 0.3 | TCs w/HW re Print Audit |
| 3/3/2014 | Ronald O. Kaye | $775 | 0.5 | commuication w/ JW and Sui - bookeeper - re bill of costs |
| 3/3/2014 | Julia White | $295 | 0.7 | Prepare and revise SM declaration re printing costs |
| 3/3/2014 | Julia White | $295 | 2.2 | Prepare Print Audit reports, conf w/RK, SM, HW |
| 3/3/2014 | Ronald O. Kaye | $775 | 3.4 | draft Reply to Objections; review docket; draft declaration |
| 3/4/2014 | Julia White | $295 | 2.0 | Prepare Ex. A, prepare docs for filing, e-file same |
| 3/4/2014 | James S. Muller | $700 | 2.2 | Draft/revise fee motion declaration |
| 3/5/2014 | Barrett S. Litt | $975 | 0.1 | Communication w/ CW re approach to dividing time |
| 3/5/2014 | Barrett S. Litt | $975 | 0.2 | Review / Analyze ROK CV; email re same |
| 3/5/2014 | Barrett S. Litt | $975 | 0.2 | Review / Analyze Vogel Dec; email re same |
| 3/5/2014 | Caitlin S. Weisberg | $500 | 4.3 | Review time records and allocate; comm w/ BSL re same |
| 3/6/2014 | Barrett S. Litt | $975 | 0.2 | Draft/revise Fee Dec |
| 3/6/2014 | Caitlin S. Weisberg | $500 | 0.2 | Email BSL re timekeepers |
| 3/6/2014 | Caitlin S. Weisberg | $500 | 0.2 | Draft/revise bio for declaration |
| 3/6/2014 | Ronald O. Kaye | $775 | 0.2 | Revise in fee declaration |
| 3/6/2014 | James S. Muller | $700 | 0.4 | Email Don Cook re dec, review dec |
| 3/6/2014 | David S. McLane | $775 | 0.6 | Review/revise Vogel fee declaration |
| 3/7/2014 | James S. Muller | $700 | 0.4 | Email Carol Watson re dec, review dec |
| 3/7/2014 | Barrett S. Litt | $975 | 5.3 | Draft/revise Memorandum in support of mtn for fees |
| 3/8/2014 | James S. Muller | $700 | 0.4 | Email Paul Hoffman re dec, review dec |
| 3/9/2014 | Barrett S. Litt | $975 | 6.2 | Draft/revise BSL Fee Declaration |
| 3/10/2014 | Barrett S. Litt | $975 | 0.2 | Draft/revise Email re co-counsel re to do on fee mtn |
| 3/10/2014 | David S. McLane | $775 | 0.2 | Review/revise Vobel fee declaration |
| 3/10/2014 | Ronald O. Kaye | $775 | 0.2 | conference w/ JSM re allocating witness time |
| 3/10/2014 | Caitlin S. Weisberg | $500 | 0.3 | Conf w/ ROK re allocations |
| 3/10/2014 | Ronald O. Kaye | $775 | 0.3 | mtg w/ CSW re analysis of § 1983 & § 52.1 |
| 3/10/2014 | Barrett S. Litt | $975 | 0.4 | Review / Analyze Muller Fee Dec; comm w/ Muller re same; email re same |
| 3/10/2014 | James S. Muller | $700 | 3.0 | Draft/revise fee motion declaration |
| 3/10/2014 | Barrett S. Litt | $975 | 4.8 | Draft/revise BSL Fee Dec |
| 3/10/2014 | Caitlin S. Weisberg | $500 | 6.9 | Review time records and allocate |
| 3/11/2014 | David S. McLane | $775 | 0.2 | Review/revise Vogel fee declaration |
| 3/11/2014 | Barrett S. Litt | $975 | 0.3 | Emails with CW re billing judgment, declaration issues |

Fourth Weisberg Decl. EXHIBIT B3      13

*Rodriguez et al. v. County of Los Angeles et al.* , No. 10-6342-CBM(AJWx) (C.D. Cal.)

**Plaintiffs' Attorney and Paralegal Billing Entries**

**FEE MOTION / COSTS**

| Date | Biller | Rate | Hours | Description |
|------|--------|------|-------|-------------|
| 3/11/2014 | Caitlin S. Weisberg | $500 | 0.3 | Review motion and ROK declaration; emails re same |
| 3/11/2014 | Ronald O. Kaye | $775 | 0.3 | TC w/ VH re Fee motion; correspondence to all paralegals re same |
| 3/11/2014 | Barrett S. Litt | $975 | 0.4 | Draft/revise Kaye fee dec; email re same |
| 3/11/2014 | Caitlin S. Weisberg | $500 | 0.4 | Review/revise BSL declaration |
| 3/11/2014 | Caitlin S. Weisberg | $500 | 0.4 | Review fee motion entries per BSL email; email re same |
| 3/11/2014 | Barrett S. Litt | $975 | 0.8 | Communication With ROK, CW re to do to complete fee mtn |
| 3/11/2014 | Barrett S. Litt | $975 | 0.8 | Draft/revise Fee Dec final reviw; email re billing judgment issues |
| 3/11/2014 | Caitlin S. Weisberg | $500 | 0.8 | Comm w/ ROK, BSL re fee motion status, tasks |
| 3/11/2014 | Ronald O. Kaye | $775 | 0.8 | meeting w/ BSL and CSW mapping out fee motion |
| 3/11/2014 | Julia White | $295 | 1.4 | Review BL e-mail, revise BL declaration |
| 3/11/2014 | Ronald O. Kaye | $775 | 1.4 | Review/revise ROK and BSL decl re fees, and multiple emails re same |
| 3/11/2014 | Caitlin S. Weisberg | $500 | 11.4 | Review billing entries; make allocations |
| 3/12/2014 | Barrett S. Litt | $975 | 0.1 | Communication CW re billing issues; rvw email re same |
| 3/12/2014 | Julia White | $295 | 0.1 | TC w/CW re time sheets |
| 3/12/2014 | Julia White | $295 | 0.2 | Prepare bio for RK dec |
| 3/12/2014 | Julia White | $295 | 0.2 | E-mails re declarations due |
| 3/12/2014 | Ronald O. Kaye | $775 | 0.2 | multiple emails w/ JW re re obtaining final declarations, etc., for fee motion |
| 3/12/2014 | Lisa Mikhailova | $175 | 0.3 | Review/revise JSM declaration |
| 3/12/2014 | Julia White | $295 | 0.7 | Revise RK's dec |
| 3/12/2014 | Ronald O. Kaye | $775 | 1.7 | Draft/revise fee declaration of rok |
| 3/12/2014 | Caitlin S. Weisberg | $500 | 5.2 | Draft/revise declaration for fee motion |
| 3/12/2014 | Caitlin S. Weisberg | $500 | 7.1 | Review billing entries and allocate; emails and conferences re same |
| 3/13/2014 | Julia White | $295 | 0.1 | TC w/CW re motion |
| 3/13/2014 | Barrett S. Litt | $975 | 0.2 | Communication SM re cost issues |
| 3/13/2014 | Caitlin S. Weisberg | $500 | 0.3 | Comm w/ ROK re billing entries and allocations |
| 3/13/2014 | Ronald O. Kaye | $775 | 0.3 | mtg w/ CSW re allocations |
| 3/13/2014 | Caitlin S. Weisberg | $500 | 0.4 | Email to team re status and plan for fee motion |
| 3/13/2014 | Barrett S. Litt | $975 | 0.7 | Draft/revise BSL, CW fee decs; emails re same; CW re same; JW re sazme |
| 3/13/2014 | Caitlin S. Weisberg | $500 | 0.7 | Review/revise ROK declaration |
| 3/13/2014 | Caitlin S. Weisberg | $500 | 0.7 | Review/revise JSM declaration, email re same |
| 3/13/2014 | Caitlin S. Weisberg | $500 | 1.0 | Review/revise BSL declaration |
| 3/13/2014 | Caitlin S. Weisberg | $500 | 2.4 | Draft/revise declaration for fee motion |
| 3/13/2014 | James S. Muller | $700 | 2.4 | Draft/revise fee motion declaration |
| 3/13/2014 | Caitlin S. Weisberg | $500 | 5.2 | Draft/revise fee motion |
| 3/13/2014 | Caitlin S. Weisberg | $500 | 6.3 | Review billing entries and allocate |
| 3/14/2014 | Julia White | $295 | 0.1 | Review and respond to CW e-mail |
| 3/14/2014 | Barrett S. Litt | $975 | 0.2 | Communication w/ Sobel re fee dec |
| 3/14/2014 | Julia White | $295 | 0.2 | Review, revise BL declaration |
| 3/14/2014 | Julia White | $295 | 0.2 | Review Muller declaration; emails re same |

Fourth Weisberg Decl. EXHIBIT B3                                                                 14

*Rodriguez et al. v. County of Los Angeles et al.* , No. 10-6342-CBM(AJWx) (C.D. Cal.)

**Plaintiffs' Attorney and Paralegal Billing Entries**

**FEE MOTION / COSTS**

| Date | Biller | Rate | Hours | Description |
|------|--------|------|-------|-------------|
| 3/14/2014 | Ronald O. Kaye | $775 | 0.2 | multiple correspondence and phone call w/ opposing counsel re Ex Parte for oversized brief |
| 3/14/2014 | Ronald O. Kaye | $775 | 0.2 | phone call and emails w/ BSL re strategy for fee motion and areas left undone |
| 3/14/2014 | Ronald O. Kaye | $775 | 0.2 | mtg. w/ bookeeper re gathering costs for fee mtn. |
| 3/14/2014 | Julia White | $295 | 0.3 | Revise Muller dec |
| 3/14/2014 | Barrett S. Litt | $975 | 0.4 | Draft/revise Revisons to fee dec |
| 3/14/2014 | Ronald O. Kaye | $775 | 0.4 | correspondence w/ Sam Paz re declaration; review declaration re same |
| 3/14/2014 | David S. McLane | $775 | 0.5 | Review/revise Kennedy declaration |
| 3/14/2014 | Barrett S. Litt | $975 | 0.6 | Communication Emails, calls with co-counsel re decs, costs, memo of law issues |
| 3/14/2014 | David S. McLane | $775 | 1.0 | Review/revise Kennedy declaration |
| 3/14/2014 | Barrett S. Litt | $975 | 1.3 | Emails, calls re cost issue, to do; rvw cases re same |
| 3/14/2014 | Caitlin S. Weisberg | $500 | 1.6 | comms re fee motion and putting pieces of motion filing together |
| 3/14/2014 | Ronald O. Kaye | $775 | 1.8 | Draft/revise ROK fee motion dec, adding paragraphs |
| 3/14/2014 | Barrett S. Litt | $975 | 2.4 | Final revisions to memo of law; cases re same |
| 3/14/2014 | Caitlin S. Weisberg | $500 | 6.3 | Review billing entries and allocate |
| 3/15/2014 | Ronald O. Kaye | $775 | 0.2 | correspondence w/ Sam Paz re decl; review same |
| 3/15/2014 | Barrett S. Litt | $975 | 0.4 | Emails with CW, JW, ROK, SM re cost, fee motion issues; rvw re same |
| 3/15/2014 | Ronald O. Kaye | $775 | 0.4 | Emails and communications w/ CSW re allocation issues |
| 3/15/2014 | Julia White | $295 | 3.0 | Review, revise docs, multiple e-mails |
| 3/15/2014 | Caitlin S. Weisberg | $500 | 9.2 | Review billing entries and allocate; revise motion; revise declarations; emails and comms re same |
| 3/16/2014 | Barrett S. Litt | $975 | 0.3 | Emails with CW, JW, ROK, SM re cost, fee motion issues; rvw re same |
| 3/16/2014 | Barrett S. Litt | $975 | 0.3 | Draft/revise Emails with Sobel re fee dec; rvw re same |
| 3/16/2014 | Ronald O. Kaye | $775 | 0.5 | Review cost analysis by bookeeper Sui McKenzie; email comments re same |
| 3/16/2014 | Ronald O. Kaye | $775 | 0.6 | multiple emails and communications w/ CSW re allocations, fee motion filings |
| 3/16/2014 | Ronald O. Kaye | $775 | 0.7 | Draft ex parte application for oversized brief and declaration; email to BSL re same |
| 3/16/2014 | David S. McLane | $775 | 2.0 | Review/revise Kennedy decl and obtain decl. |
| 3/16/2014 | Caitlin S. Weisberg | $500 | 3.5 | Draft/revise motion for attorneys fees |
| 3/16/2014 | Caitlin S. Weisberg | $500 | 3.7 | Review billing entries and allocate, emails re same, review costs issues |
| 3/16/2014 | Caitlin S. Weisberg | $500 | 4.8 | Revise motion; revise CSW declaration; revise JSM declaration; emails re same |
| 3/17/2014 | Julia White | $295 | 0.2 | Review JM declaration, e-mail CSW re same |
| 3/17/2014 | Ronald O. Kaye | $775 | 0.2 | Revise allocations analysis |

Fourth Weisberg Decl. EXHIBIT B3                                                      15

*Rodriguez et al. v. County of Los Angeles et al.*, No. 10-6342-CBM(AJWx) (C.D. Cal.)

**Plaintiffs' Attorney and Paralegal Billing Entries**
**FEE MOTION / COSTS**

| Date | Biller | Rate | Hours | Description |
|------|--------|------|-------|-------------|
| 3/17/2014 | Barrett S. Litt | $975 | 0.4 | Communication CW, JW re final issues for fee motion |
| 3/17/2014 | Ronald O. Kaye | $775 | 0.4 | multiple correspondence w/ team re motion for fees, allocations, finalizing filing |
| 3/17/2014 | David S. McLane | $775 | 0.5 | Comms re fee motion |
| 3/17/2014 | Ronald O. Kaye | $775 | 0.5 | mtg. re strategy of fee motion w/ BSL and CSW |
| 3/17/2014 | James S. Muller | $700 | 0.6 | Review/revise JSM dec re fee motion, email Caitlin re same |
| 3/17/2014 | Barrett S. Litt | $975 | 0.9 | Review / Analyze CW fee Declaration |
| 3/17/2014 | Barrett S. Litt | $975 | 1.1 | Conference with CW, ROK re outstnding issues re fee division |
| 3/17/2014 | Caitlin S. Weisberg | $500 | 1.1 | Conf w/ BSL, ROK re finishing content for fee motion |
| 3/17/2014 | Barrett S. Litt | $975 | 1.2 | Emails, calls, discussions with CW, JW, SM, ROK re final fee motion issues to prepare for filing |
| 3/17/2014 | Barrett S. Litt | $975 | 1.4 | Final review of fee motion |
| 3/17/2014 | Barrett S. Litt | $975 | 1.9 | Draft/revise Proposed Order |
| 3/17/2014 | Kevin J. LaHue | $600 | 2.0 | Review/revise fee motion |
| 3/17/2014 | Ronald O. Kaye | $775 | 3.3 | Review/revise mtn re atty fees |
| 3/17/2014 | Caitlin S. Weisberg | $500 | 5.7 | Final revisions and calculations for billing entries, allocations, fee request |
| 3/17/2014 | Julia White | $295 | 6.0 | Prepare docs for filing, prepare toc, toa, multiple e-mails, TCs re same |
| 3/17/2014 | Caitlin S. Weisberg | $500 | 10.3 | Draft/revise fee motion and supporting filings, comms re same |
| ~~3/18/2014~~ | ~~Barrett S. Litt~~ | ~~$975~~ | ~~0.3~~ | ~~Emails re fee motion erratta~~ |
| 3/18/2014 | Julia White | $295 | 0.4 | Prepare notice of appearance for BL, e-mail re same, e-file same |
| ~~3/18/2014~~ | ~~Julia White~~ | ~~$295~~ | ~~0.4~~ | ~~Prepare errata re Paz dec, e file same~~ |
| ~~3/18/2014~~ | ~~Ronald O. Kaye~~ | ~~$775~~ | ~~0.8~~ | ~~review pleadings filed to check accuracy; advise paralegal re errata Sam Paz declaration~~ |
| 3/22/2014 | Barrett S. Litt | $975 | 0.6 | Review / Analyze Cases re civil rights attys different from govt defense; notes re same |
| ~~3/24/2014~~ | ~~James S. Muller~~ | ~~$700~~ | ~~1.0~~ | ~~Review fee motion filings, check fee calculation~~ |
| ~~3/25/2014~~ | ~~Caitlin S. Weisberg~~ | ~~$500~~ | ~~0.4~~ | ~~Conf w/ ROK re error in fee motion, review motion re same~~ |
| ~~3/25/2014~~ | ~~Ronald O. Kaye~~ | ~~$775~~ | ~~0.6~~ | ~~multiple emails w/ co-counsel re correcting error in adding up the math in the fee motion; mtg. w CSW re same; review pleadings re same~~ |
| ~~3/25/2014~~ | ~~James S. Muller~~ | ~~$700~~ | ~~0.8~~ | ~~Emails w/ ROK re Plaintiff fee motion error~~ |
| ~~3/26/2014~~ | ~~Ronald O. Kaye~~ | ~~$775~~ | ~~0.1~~ | ~~Correspondence w/ opposing counsel re errata~~ |
| ~~3/27/2014~~ | ~~Caitlin S. Weisberg~~ | ~~$500~~ | ~~5.8~~ | ~~Figure out necessary corrections to fee motion calculations; revise fee motion; draft declaration re same, emails re same~~ |
| ~~3/28/2014~~ | ~~Julia White~~ | ~~$295~~ | ~~0.2~~ | ~~Prepare notice of errata~~ |
| ~~3/28/2014~~ | ~~Caitlin S. Weisberg~~ | ~~$500~~ | ~~0.7~~ | ~~Revise/finalize corrected fee motion and declaration; comms re same~~ |
| 4/16/2014 | Julia White | $295 | 0.3 | TCs w/CW re ex parte, research BL e-mails re same, e-mail re same |

Weisberg Reply Decl. Exhibit B1      Page 10 of 13

Fourth Weisberg Decl. EXHIBIT B3      16

*Rodriguez et al. v. County of Los Angeles et al.*, No. 10-6342-CBM(AJWx) (C.D. Cal.)

**Plaintiffs' Attorney and Paralegal Billing Entries**
**FEE MOTION / COSTS**

| Date | Biller | Rate | Hours | Description |
|------|--------|------|-------|-------------|
| 4/16/2014 | Caitlin S. Weisberg | $500 | 1.6 | Review ex parte re page limit; TCs with opposing counsel re same; analysis re same; review docs re same; draft nonopposition |
| 4/21/2014 | Barrett S. Litt | $975 | 0.2 | Draft/revise Emails with co-counsel re meeting materials issues |
| 4/21/2014 | Barrett S. Litt | $975 | 0.2 | Draft/revise Email with co-counsel re mtg re fee reply |
| 4/22/2014 | Ronald O. Kaye | $775 | 0.1 | multiple correspondence w/ CSW and BSL re meeting in response to defendants' opp. to fee mtn |
| 4/22/2014 | Barrett S. Litt | $975 | 0.7 | Review / Analyze Initial cursory rvw of Bruning declaration; email re same |
| 4/22/2014 | Caitlin S. Weisberg | $500 | 2.8 | Review opposition to fee motion and supporting documents; initial research re same; emails re same |
| 4/23/2014 | Barrett S. Litt | $975 | 0.4 | Emails, call with Sobel re Bruning Dec, fee opposition |
| 4/23/2014 | Barrett S. Litt | $975 | 0.6 | Review / Analyze Najeera decision and mtn to strike expert and fee reply in Najeera; email to Mercado re same |
| 4/23/2014 | Ronald O. Kaye | $775 | 1.4 | review and analyze defendants' opposition to fee motion, begin analysis of Lawrence declaration |
| 4/23/2014 | Barrett S. Litt | $975 | 1.6 | Review / Analyze opp to fee motion; notes re same |
| 4/23/2014 | James S. Muller | $700 | 2.0 | Review def opp to fee motion and exhibits and decs in opposition, including time calcualtions |
| 4/23/2014 | Barrett S. Litt | $975 | 2.2 | Detailed analysis of Bruning Dec and plan for response |
| 4/23/2014 | Barrett S. Litt | $975 | 2.5 | Communication ROK, CW re approach to Fee Reply |
| 4/23/2014 | Caitlin S. Weisberg | $500 | 2.5 | Mtg w/ BSL and ROK re opposition, planning for reply |
| 4/23/2014 | Ronald O. Kaye | $775 | 2.5 | mtg w/ BSL and CSW re defendants' opposition to fee motion - discussing strategy and assignments |
| 4/24/2014 | Barrett S. Litt | $975 | 0.6 | Review / Analyze Pearl fee book, cases re limited success, travel, other issues raised by Ds' Opp |
| 4/24/2014 | Caitlin S. Weisberg | $500 | 1.2 | Emails to team re projects for fee motion reply; prepare projects |
| 4/24/2014 | Caitlin S. Weisberg | $500 | 8.1 | Review opposition docs and notes from meeting; draft outline for reply; email re same; research re same |
| 4/25/2014 | Caitlin S. Weisberg | $500 | 0.1 | Review email from BSL re Bruning |
| 4/25/2014 | Ronald O. Kaye | $775 | 0.6 | Review CSW emails and outline re responding to defendants opposition; analysis re same |
| 4/25/2014 | Caitlin S. Weisberg | $500 | 0.8 | Draft emails to team re reply projects, staffing |
| 4/25/2014 | Barrett S. Litt | $975 | 0.9 | Review / Analyze Cases re Cooper & Bruning opinions |
| 4/25/2014 | Caitlin S. Weisberg | $500 | 0.9 | Research re costs; email/memo re same |

Fourth Weisberg Decl. EXHIBIT B3                                                                17

*Rodriguez et al. v. County of Los Angeles et al.* , No. 10-6342-CBM(AJWx) (C.D. Cal.)

**Plaintiffs' Attorney and Paralegal Billing Entries**
**FEE MOTION / COSTS**

| Date | Biller | Rate | Hours | Description |
|------|--------|------|-------|-------------|
| 4/25/2014 | Barrett S. Litt | $975 | 1.1 | Review / Analyze Cooper & Bruning case list; id cases to follow up; email to co-counsel re same |
| 4/25/2014 | Caitlin S. Weisberg | $500 | 1.1 | Analyse/review Bruning tables |
| 4/25/2014 | Caitlin S. Weisberg | $500 | 2.5 | Prepare Bruning project; research re Bruning; draft email/memo re same |
| 4/25/2014 | Caitlin S. Weisberg | $500 | 3.6 | Draft reply, research re same, revise outline, emails re same |
| 4/26/2014 | Caitlin S. Weisberg | $500 | 1.3 | Research re reasonable rates; emails re same |
| 4/28/2014 | Caitlin S. Weisberg | $500 | 0.4 | Conference with paralegal re projects for reply |
| 4/28/2014 | Barrett S. Litt | $975 | 1.1 | Review / Analyze cases rebutting Bruning contentions |
| 4/28/2014 | Barrett S. Litt | $975 | 1.3 | Draft/revise BSL Dec responding to Bruning; rvw re same |
| 4/29/2014 | Caitlin S. Weisberg | $500 | 0.2 | TC w/ JSM re pre-complaint hours, dec re same |
| 4/29/2014 | James S. Muller | $700 | 0.2 | TC w/ CW re Bruning dec re fees and response to same |
| 4/29/2014 | James S. Muller | $700 | 1.0 | Review Bruning dec re fees |
| 4/29/2014 | Barrett S. Litt | $975 | 2.1 | Draft/revise Reply Fee Dec addressing Bruning contentions |
| 4/30/2014 | Barrett S. Litt | $975 | 0.1 | Draft/revise BSL Reply Dec |
| 4/30/2014 | Caitlin S. Weisberg | $500 | 0.2 | TC w/ JSM re analysis of pre-complaint hours |
| 4/30/2014 | James S. Muller | $700 | 0.2 | 2d TC to CW re JSM dec in resp to Bruning dec |
| 4/30/2014 | James S. Muller | $700 | 1.0 | Draft/revise JSM Dec re Bruning dec reductions |
| 5/1/2014 | Caitlin S. Weisberg | $500 | 0.1 | Emails w/ JSM re dec |
| 5/1/2014 | James S. Muller | $700 | 0.2 | Emails to and from CW re JSM Dec re Bruning dec reductions |
| 5/1/2014 | Barrett S. Litt | $975 | 0.7 | Draft/revise Reply Dec., cases re same |
| 5/1/2014 | James S. Muller | $700 | 1.5 | Draft/revise JSM Dec re Bruning dec reductions |
| 5/1/2014 | Ronald O. Kaye | $775 | 1.8 | Draft/revise ROK reply dec, review notes and motions to rebut allocation arguments |
| 5/2/2014 | Barrett S. Litt | $975 | 0.6 | Review / Analyze Dec and Reply Memo re travel  time issues |
| 5/2/2014 | James S. Muller | $700 | 0.6 | Draft/revise JSM Dec re Bruning dec reductions |
| 5/2/2014 | Barrett S. Litt | $975 | 0.7 | Review / Analyze Outline of Reply; notes re same |
| 5/2/2014 | Barrett S. Litt | $975 | 4.3 | Draft/revise Fee Reply Dec |
| 5/3/2014 | Barrett S. Litt | $975 | 4.8 | Draft/revise Reply Memorandum re reasonable hourly rates, rvw cases re same |
| 5/4/2014 | Barrett S. Litt | $975 | 0.8 | Draft/revise Reply Memorandum re dost defendants; rvw cases re same |
| 5/4/2014 | Barrett S. Litt | $975 | 3.1 | Draft/revise Reply Memorandum re multiplier; rvw cases re same |
| 5/5/2014 | Barrett S. Litt | $975 | 0.5 | Draft/revise Travel section; cases re same |
| 5/5/2014 | Barrett S. Litt | $975 | 0.7 | Draft/revise Notes re remaining issues, to do; emails to co-counsel re same |
| 5/5/2014 | Barrett S. Litt | $975 | 1.2 | Draft/revise Reply Memorandum re lost motions; cases re same |
| 5/5/2014 | Barrett S. Litt | $975 | 1.7 | Draft/revise Memorandum re dismissed defendants; cases re same |

Fourth Weisberg Decl. EXHIBIT B3                                                                                18

*Rodriguez et al. v. County of Los Angeles et al.*, No. 10-6342-CBM(AJWx) (C.D. Cal.)

**Plaintiffs' Attorney and Paralegal Billing Entries**
**FEE MOTION / COSTS**

| Date | Biller | Rate | Hours | Description |
|------|--------|------|-------|-------------|
| 5/9/2014 | Caitlin S. Weisberg | $500 | 1.0 | Review/revise reply draft; emails re same and reply planning |
| 5/9/2014 | Ronald O. Kaye | $775 | 4.4 | Draft ROK reply decl, review litigation docs and notes re same |
| 5/10/2014 | Barrett S. Litt | $975 | 0.2 | Emails with co-counsel re reply brief issues |
| 5/10/2014 | Ronald O. Kaye | $775 | 3.3 | Draft reply declaration |
| 5/13/2014 | Caitlin S. Weisberg | $500 | 0.2 | Comm w/ SM re costs |
| 5/19/2014 | Barrett S. Litt | $975 | 0.4 | Review / Analyze new case - Chaudry |
| 5/19/2014 | Caitlin S. Weisberg | $500 | 7.2 | Draft reply, research re same, emails re same |
| 5/20/2014 | Caitlin S. Weisberg | $500 | 13.3 | Draft reply, research re same, emails re same |
| 5/21/2014 | Caitlin S. Weisberg | $500 | 11.6 | Review/revise ROK, BSL declarations; emails and TC with BSL re same |
| 5/22/2014 | Caitlin S. Weisberg | $500 | 1.1 | Review/revise reply declarations; emails and TC with BSL re same |
| 5/22/2014 | Caitlin S. Weisberg | $500 | 3.4 | Draft/revise reply re fee motion |
| 5/23/2014 | James S. Muller | $700 | 0.2 | Review reply decl and email re same |

Fourth Weisberg Decl. EXHIBIT B3                                                                           19

*Rodriguez et al. v. County of Los Angeles et al.*, No. 10-6342-CBM(AJWx) (C.D. Cal.)

**Plaintiffs' Attorney and Paralegal Billing Entries**
**FEE MOTION / COSTS**

| Date | Biller | Rate | Hours | Description |
|------|--------|------|-------|-------------|
| 5/20/2014 | Barrett S. Litt | $975 | 0.4 | Calls, emails with CW re Fee Reply issues, status |
| 5/20/2014 | Barrett S. Litt | $975 | 0.9 | Review/revise ROK declaration |
| 5/21/2014 | Ronald O. Kaye | $775 | 0.2 | communication w/ opposing counsel re ex parte for oversized brief |
| 5/21/2014 | Ronald O. Kaye | $775 | 0.5 | draft ex parte for oversized brief and proposed order |
| 5/21/2014 | Ronald O. Kaye | $775 | 0.7 | revise rok declaration for fee motion |
| 5/21/2014 | Barrett S. Litt | $975 | 8.4 | Revise Reply brief (reducing by 11 pages); cases for same; emails re same |
| 5/22/2014 | Ronald O. Kaye | $775 | 0.2 | meeting w/ CSW re declaration in support of Reply |
| 5/22/2014 | Ronald O. Kaye | $775 | 0.3 | draft / edit declaration re Reply |
| 5/22/2014 | Barrett S. Litt | $975 | 1.1 | Final rvw and revision of BSL Dec, Memo of Law |
| 5/23/2014 | Julia White | $295 | 0.2 | E-mails re filing, TC w/BL re same |
| 5/23/2014 | Barrett S. Litt | $975 | 0.3 | Communication ROK re mtn to strike issues |
| 5/23/2014 | Barrett S. Litt | $975 | 0.3 | Review / Analyze Write-up re Bruning cases relied on for his opinion |
| 5/23/2014 | Ronald O. Kaye | $775 | 0.3 | Revise ROK declaration for reply |
| 5/23/2014 | Barrett S. Litt | $975 | 0.5 | Communication Re BSL Declaration, Memo of Law, mtn to srtike issues |
| 5/23/2014 | Barrett S. Litt | $975 | 0.8 | Communication With CW (2x) re Reply Memorandum, decs, exhibits and motion to strike re same (ROK present for 2nd mtg) |
| 5/23/2014 | Julia White | $295 | 2.0 | Revise RK declaration |
| 5/23/2014 | Ronald O. Kaye | $775 | 3.5 | draft motion to strike expert Bruning's declaration |
| 5/23/2014 | Ronald O. Kaye | $775 | 0.5 | Comm w/ BSL and CSW re reply and motion to strike |
| 5/23/2014 | Caitlin S. Weisberg | $500 | 5.1 | Research re Bruning para 44 cases; review docs re same; draft summaries re same; analysis with BSL re same and reply issues |
| 5/23/2014 | Caitlin S. Weisberg | $500 | 4.3 | Draft/revise Reply and CSW declaration, emails and comms re same, review docs re same |
| 5/23/2014 | Caitlin S. Weisberg | $500 | 0.5 | Meeting w/ BSL and ROK re motion to strike, reply planning |
| 5/24/2014 | Ronald O. Kaye | $775 | 0.2 | review / finalize motion to strike |
| 5/24/2014 | Ronald O. Kaye | $775 | 0.3 | multiple comms w/ BSL and CSW re mtn to strike, ROK declaration |
| 5/24/2014 | Ronald O. Kaye | $775 | 0.5 | review / draft edits to ROK declaration |
| 5/24/2014 | Julia White | $295 | 0.8 | Revise motion to strike |
| 5/24/2014 | Julia White | $295 | 1.0 | Revise RK declaration |
| 5/24/2014 | Julia White | $295 | 1.2 | Revise BL declaration |
| 5/24/2014 | Julia White | $295 | 1.2 | Revise reply brief |
| 5/24/2014 | Caitlin S. Weisberg | $500 | 10.4 | Draft/revise CSW declaration; research re same; review docs re same |
| 5/24/2014 | Caitlin S. Weisberg | $500 | 1.2 | Review/revise ROK, JSM declarations |
| 5/24/2014 | Caitlin S. Weisberg | $500 | 2.9 | Review/revise BSL declaration; research and comms re Bruning para 44 cases |
| 5/24/2014 | Barrett S. Litt | $975 | 1.7 | Draft/revise BSL Dec re Bruning ¶ 44 cases |
| 5/24/2014 | Barrett S. Litt | $975 | 1.9 | Draft/revise Motion to strike; rvw re same |

Fourth Weisberg Decl. EXHIBIT B3                                     20

*Rodriguez et al. v. County of Los Angeles et al.*, No. 10-6342-CBM(AJWx) (C.D. Cal.)

**Plaintiffs' Attorney and Paralegal Billing Entries**
**FEE MOTION / COSTS**

| Date | Biller | Rate | Hours | Description |
|------|--------|------|-------|-------------|
| 5/25/2014 | Ronald O. Kaye | $775 | 0.3 | multiple correspondence re finalizing filings for Reply on Fee Motion |
| 5/25/2014 | Caitlin S. Weisberg | $500 | 0.7 | Comms re coordinating review and finalizing of reply docs |
| 5/25/2014 | Caitlin S. Weisberg | $500 | 15.4 | Draft/revise CSW declaration; research re same; review docs re same; Review billing entries and make allocations; exhibits and declarations re same |
| 5/25/2014 | Barrett S. Litt | $975 | 0.6 | Review / Analyze CW Exhibit re vague entries; email to CW re same |
| 5/25/2014 | Barrett S. Litt | $975 | 1.2 | Review/revise Weisberg Dec; emails re same |
| 5/26/2014 | Caitlin S. Weisberg | $500 | 3.2 | Finish reviewing billing entries and calculating fees; exhibits re same |
| 5/26/2014 | Caitlin S. Weisberg | $500 | 3.7 | Revise reply; draft final paragraphs of CSW declaration re additional fees and costs; finalize JSM declaration |
| 5/26/2014 | Caitlin S. Weisberg | $500 | 0.2 | Email re status of reply filings, plan |
| 5/26/2014 | Caitlin S. Weisberg | $500 | 1.4 | Revise/finalize csw declaration re vague entries |
| 5/26/2014 | Barrett S. Litt | $975 | 0.6 | Review / Analyze CW chart re vague entries; email exchannge with CW, ROK re same |
| 5/26/2014 | Barrett S. Litt | $975 | 1.6 | Final revision of Reply Memorandum |
| 5/26/2014 | Julia White | $295 | 2.2 | Prepare order for motion to strike, TCs w/CW, e-mails re final review, prepare docs and exhibits for filing, e-file all |
| 5/26/2014 | Julia White | $295 | 3.5 | Final review and revisions to all docs, e-mails re same |
| 6/2/2014 | Ronald O. Kaye | $775 | 0.2 | review defendants opposition to Reply and email w/ BSL re same |
| 6/2/2014 | Caitlin S. Weisberg | $500 | 0.1 | Review defs' opp to additional fees and costs |
| 6/3/2014 | Barrett S. Litt | $975 | 0.2 | Review / Analyze Ds' responses for mtn strike, supp fees |
| 6/3/2014 | Ronald O. Kaye | $775 | 0.3 | review Opp to mtn to strike |
| 6/5/2014 | Barrett S. Litt | $975 | 0.2 | Email with CW re revised reply issues |
| 6/6/2014 | Caitlin S. Weisberg | $500 | ~~8.5~~ 4.2 | Revise reply, reducing pages; research re same |
| 6/7/2014 | Caitlin S. Weisberg | $500 | ~~9.3~~ 4.6 | Revise reply, reducing pages; research re same |
| 6/8/2014 | Barrett S. Litt | $975 | ~~3.4~~ 1.7 | Draft/revise Reply (20 to 15 pages) |
| 6/9/2014 | Caitlin S. Weisberg | $500 | ~~4.4~~ 2.2 | Review BSL edits; revise and finalize reply; emails re same |
| 6/9/2014 | Caitlin S. Weisberg | $500 | 0.6 | Emails to BSL, ROK re prep for hearing, planning re same, defs' filings, final hours and costs, etc.; analysis re dame |
| 6/9/2014 | Caitlin S. Weisberg | $500 | 0.2 | Review defs mtn to strike decs and email re same |
| 6/9/2014 | Ronald O. Kaye | $775 | 0.3 | review objections and motion to strike plaintiffs decs |
| 6/10/2014 | Ronald O. Kaye | $775 | 0.3 | Review shorter reply |
| ~~6/10/2014~~ | ~~Julia White~~ | ~~$295~~ | ~~1.1~~ | ~~Revise reply, toc, prepare toa, e-file docs~~ |
| 6/10/2014 | Julia White | $295 | 1.3 | Research and prepare docs for hearing; email BL re same |
| 6/11/2014 | Julia White | $295 | 0.4 | Conf w/RR re toc for hearing docs; revise toc, email BSL re additional docs |

Fourth Weisberg Decl. EXHIBIT B3      21

*Rodriguez et al. v. County of Los Angeles et al.*, No. 10-6342-CBM(AJWx) (C.D. Cal.)

**Plaintiffs' Attorney and Paralegal Billing Entries**

**FEE MOTION / COSTS**

| Date | Biller | Rate | Hours | Description |
|------|--------|------|-------|-------------|
| 6/11/2014 | Caitlin S. Weisberg | $500 | 0.2 | Emails re final fees and costs |
| 6/12/2014 | Ronald O. Kaye | $775 | 0.1 | phone call w/ BSL re additional authority response for fee motion |
| 6/12/2014 | Caitlin S. Weisberg | $500 | 0.3 | Review defs' supp filing re *Hubbard*; research re same; email ROK and BSL re same |
| ~~6/12/2014~~ | ~~Caitlin S. Weisberg~~ | ~~$500~~ | ~~1.2~~ | ~~Draft declaration for hearing; review docs re same~~ |
| 6/12/2014 | Caitlin S. Weisberg | $500 | 0.2 | Review BSL draft of response to Defs' Hubbard filing; email re same |
| 6/12/2014 | Caitlin S. Weisberg | $500 | 0.3 | Emails and comms re hearing preparation, response to defs' filing |
| 6/12/2014 | Ronald O. Kaye | $775 | 0.3 | review supplemental authority of defendants, email to BSL and CSW re same |
| 6/12/2014 | Ronald O. Kaye | $775 | 0.3 | review response of BSL to additional authority re preemption |
| 6/12/2014 | Julia White | $295 | 0.7 | Prepare response to def's supplemental filing, e-file same |
| 6/12/2014 | Barrett S. Litt | $975 | 3.6 | Draft/revise Response to supplemental authority re Hubbard; emails to co-counsel re same; rvw cases re same |
| ~~6/13/2014~~ | ~~Barrett S. Litt~~ | ~~$975~~ | ~~0.2~~ | ~~Emails re hrg off calendar,final fees and costs; rvw re same~~ |
| ~~6/16/2014~~ | ~~Caitlin S. Weisberg~~ | ~~$500~~ | ~~5.3~~ | ~~Review billing entries, exhibits re same; Draft/revise CSW declaration; calculate final figures; emails re same~~ |
| ~~6/17/2014~~ | ~~Julia White~~ | ~~$295~~ | ~~0.2~~ | ~~E-mails re final filing re fees~~ |
| ~~6/17/2014~~ | ~~Barrett S. Litt~~ | ~~$975~~ | ~~1.1~~ | ~~Review final fee declaration and final proposed order; emails with CW re same; call with CW re same~~ |
| ~~6/17/2014~~ | ~~Caitlin S. Weisberg~~ | ~~$500~~ | ~~2.1~~ | ~~Finalize declaration and final proposed order; emails re same; TC w/ BSL re same~~ |
| ~~6/18/2014~~ | ~~Barrett S. Litt~~ | ~~$975~~ | ~~0.1~~ | ~~Email exchange with CW re CJA rate issues~~ |
| ~~6/19/2014~~ | ~~Barrett S. Litt~~ | ~~$975~~ | ~~1.3~~ | ~~Review new case with relevant rates; analyze same; prepare supplement declaration re same~~ |
| ~~6/20/2014~~ | ~~Barrett S. Litt~~ | ~~$975~~ | ~~0.4~~ | ~~Comm w/ CW re PLRA rate issues~~ |
| ~~6/27/2014~~ | ~~Barrett S. Litt~~ | ~~$975~~ | ~~0.5~~ | ~~Final review of CW supp fee and PLRA memo, dec; BSL supp authority; email to CW re same~~ |

Third Weisberg Decl. Exhibit B2     Page 16 of 16

Fourth Weisberg Decl. EXHIBIT B3     22

**KAYE, McLANE, BEDNARSKI & LITT, LLP**
ATTORNEYS AT LAW
234 East Colorado Blvd., Suite 230
Pasadena, California 91101
626-844-7660
626-844-7670 FAX

RONALD O. KAYE
DAVID S. McLANE
MARILYN E. BEDNARSKI
BARRETT S. LITT

KEVIN LaHUE
CAITLIN S. WEISBERG
LINDSAY BATTLES

*Of Counsel*
CARLTON F. GUNN

January 27, 2015

VIA E-mail and Facsimile

Jin Choi
David Lawrence
Lawrence Beach Allen & Choi, PC
100 West Broadway Suite 1200
Glendale, CA 91210
Fax: 818-545-1937
jchoi@lbaclaw.com; dlawrence@lbaclaw.com

Andrew C. Pongracz
Edwin Rathbun
Seki, Nishimura & Watase, LLP
605 West Olympic Blvd., Penthouse
Los Angeles, CA 90015-1480
Fax: 213-481-2871
apongracz@snw-law.com; erathbun@snw-law.com

Re:     *Heriberto Rodriguez et al. v. County of Los Angeles et al.*, CV 10-6342-CBM(AJW) – Supplemental Fee Motion

Dear Counsel:

On January 22, 2015, the Court granted Plaintiffs leave to move for fees for services rendered by Plaintiffs' counsel on post-trial motions between March 1, 2014 and June 16, 2014, with further instructions set forth in the order (Dkt. No. 725). By this letter, we request that Defendants meet and confer with Plaintiffs within seven days, with the hope of narrowing the issues before the Court and/or avoiding the need for a motion altogether.

As stated in the Order, the Court intends to apply the same rates and rulings that were determined by the Court's Fee Order of December 26, 2014 (Dkt. Nos. 719-20), such that the motion will be limited to identifying the services rendered and establishing that the hours spent and tasks conducted were reasonable and compensable. As you know, Plaintiffs' position is that all of the hours submitted to the Court for the March 1, 2014 through June 16, 2014 period are compensable and reasonable.

On the abstract legal question of whether the work performed by Plaintiffs' counsel on the fee motion and other post-judgment motions is compensable, it is Plaintiffs' understanding that there is no dispute. As the prevailing parties, Plaintiffs are entitled to fully compensatory

Fourth Weisberg Decl. EXHIBIT X                                                                                      23

1/27/2015
Page 2

lodestar fees, including on fee motion hours. *See* Fee Order at 4:16-5:10, 18:21-18:27; *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983); *In re Nucorp Energy, Inc.*, 764 F.2d 655, 660 (9th Cir. 1985); *Ketchum v. Moses*, 24 Cal. 4th 1122, 1133, 1141 (2001). Please advise whether, despite this clear law, you dispute this proposition. If Defendants intend to raise any issues regarding Plaintiffs' legal entitlement to fees for the work performed during the March 1, 2014 through June 16, 2014 period, please apprise us of the specific issues during the meet and confer.

On the practical question of whether the hours worked by Plaintiffs' counsel are reasonable, Plaintiffs have already presented the relevant evidence and argument to the Court, and the information is therefore known to you. The vast majority of the hours claimed for the March 1, 2014 through June 13, 2014 period pertain to work on post judgment motions, including Plaintiffs' fee motion and oppositions to Defendants' various post-trial motions. Plaintiffs' counsel performed work that was reasonable and necessary to these filings, which raised numerous complex issues, both legal and factual. Further, Plaintiffs prevailed on all post judgment motions and the vast majority of the issues addressed in the motion for attorney fees. *See* Dkt. Nos. 693 and 720-1.  "By and large, the [district] court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case." Fee Order at 16:27-17:7 (quoting *Chaudhry v. City of Los Angeles*, 751 F.3d 1096, 1111 (9th Cir.), *cert. denied sub nom. City of Los Angeles, Cal. v. Chaudhry*, 135 S. Ct. 295 (2014)). Hours are reasonable if "at the time rendered, [they] would have been undertaken by a reasonable and prudent lawyer to advance or protect his client's interest in the pursuit of a successful recovery . . . ." *Moore v. James H. Matthews & Co.*, 682 F.2d 830, 839 (9th Cir. 1982) (internal quotations omitted); *see Ramon v. Cty of Santa Clara*, 173 Cal. App. 4th 915, 925 (Cal. Ct. App. 2009).

Prior to submission to the Court, Plaintiffs eliminated:

- 8.7 hours ($3,864) that was excluded during the exercise of billing judgment. (Weisberg Reply Decl. ¶ 29; Third Weisberg Decl. ¶ 18)
- 3% across the board reduction (17.6 hrs; $8,856) for possible duplication and/or unreasonable hours. (Weisberg Reply Decl. ¶ 26; Third Weisberg Decl. ¶ 15)
- More than 30 hours that Ms. Weisberg spent on the PLRA rate issue ($5,670). (Third Weisberg Decl. ¶ 19)
- Additional hours worked that were never billed and therefore not enumerated in Plaintiffs' filings. (*See, e.g.*, Weisberg Motion Decl. ¶¶ 13-14)

In addition, the Court has disallowed hours spent after June 16, 2014, reducing the previous request by an additional 5.7 hours ($3,718). The remaining hours worked during the period March 1, 2014 through June 16, 2014 were not duplicative or unnecessary.

Defendants have already filed an opposition to the March 1, 2014 through May 23, 2014 fees (Dkt. No. 697) and an opposition to Plaintiffs' recent *ex parte* regarding the March 1, 2014 through June 30, 2014 fees (Dkt. No. 724). In Defendants' Opposition to the March-May fees (Dkt. No. 697), Defendants did not argue: (1) that the fees were not compensable or (2) that the number of hours was unreasonable. Rather, Defendants asserted the same arguments made in the opposition to the fee motion, which were rejected by the Court in the Fee Order. (*See* Dkt. Nos. 697, 720-1) In the opposition to the recent *ex parte*, Defendants argued that the March-June fee

Fourth Weisberg Decl. EXHIBIT X

1/27/2015
Page 3

request should be rejected because "much of th[e] work would not have been necessary but for [Plaintiffs'] own failure to comply with the Court's rules." (Dkt. No. 724 at 4 n.4) Defendants used the example of the hours worked to reduce the page count of Plaintiffs' Reply for the fee motion. (*Id.*) Defendants' reasoning on this matter is flawed.

Although Plaintiffs' motion anticipated certain legal arguments that Defendants made in their opposition (PLRA vs. 52.1 fees, reasonableness of rates, etc.), Plaintiffs could not have anticipated the majority of the Opposition, which was itself 34 pages and contained a multitude of legal and factual arguments. The first draft of Plaintiffs' reply was over 45 pages and was entirely responsive to the issues raised in the Opposition. Even if an ultimate filing will be shorter, it is a reasonable practice to set out the argument in full in order to determine what and how to eliminate information to meet a page limit. Further, given the breadth of the opposition, Plaintiffs reasonably believed that a greater extension of pages would be permitted, which would have obviated the need to invest further hours in editing and shortening the brief. Reducing a brief from 45 pages to 15 pages takes a long time, regardless of *when* that time is spent. If the time had not been spent after the Court's page limit order, it would have been spent prior to the order and would still be reasonable. Thus, it was not the local rules violation that caused this time to be spent, but rather the number of issues raised in the opposition that required rebuttal.

As set forth above, Plaintiffs never claimed the majority of the hours that were spent on the PLRA rate cap issue and, consistent with the Court's order, will not be claiming hours spent between June 16 and June 30. For the most part, the remaining hours claimed by Plaintiffs were spent on pleadings that were considered by the Court (and on which Plaintiffs prevailed). The exception is the approximately six hours spent responding to Defendants' notice of supplemental authority (Dkt. Nos. 705, 706), which filings were not considered by the Court. Nevertheless, this time was reasonable because it was prompted by Defendants' filing regarding an inapposite case, and Plaintiffs had no way of knowing, in advance, that the Court would decline to consider Defendants' pleading such that no response was necessary.

Although Plaintiffs believe that all of the claimed hours are reasonable, and that fees should be awarded for those hours, Plaintiffs are willing to reduce the claimed hours by an additional 7% (approximately 40 hours; $40,000) – which would then mean a total 10% discount – if Defendants agree to stipulate that the number of remaining hours is reasonable and thereby avoid further fee litigation before the district court. (We offer this if it would bring this lengthy fee litigation to an end, not because we do not consider the time reasonable.) The stipulated supplemental fee award would be subject to appeal to the same extent as the existing Fee Order. Absent such a stipulation, we request that Defendants identify the basis of any argument that the claimed hours are unreasonable during the meet and confer.

We are available for a meet and confer on Thursday, January 29 and Friday, January 30. The deadline for the meet and confer is Tuesday, February 3. Please advise us as soon as possible regarding your availability.

Sincerely,
*/s/ Ronald O. Kaye*
Ronald O. Kaye
Kaye, McLane, Bednarski & Litt, LLP